614 So.2d 1379 (1993)
James DURRETT, et al., Plaintiffs-Appellants,
v.
SCOTT TRUCK AND TRACTOR, et al., Defendants-Appellees.
No. 91-1367.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
Writ Denied May 7, 1993.
Daniel E. Broussard, Jr., Alexandria, for plaintiffs-appellants.
George C. Gaiennie, Alexandria, Andrew D. McGlathery, Lake Charles, Donald J. Anzelmo, Monroe, Paul Boudreaux, Jr., Alexandria, for defendants-appellees.
Before DOMENGEAUX, C.J., and LABORDE, THIBODEAUX, WOODARD and SAUNDERS, JJ.
THIBODEAUX, Judge.
The issue in this case is whether the trial court properly granted a motion for summary judgment filed by defendants, Kelley Contract Dewatering Company and Roger Trierweiler, the immediate supervisor of plaintiff and a co-employee of plaintiff. The trial court reasoned that plaintiff's sole remedy was under the workers' compensation laws and that the factual circumstances of this case did not warrant application of the intentional act exclusion under LSA-R.S. 23:1032.

FACTS
The plaintiff, James Durrett, was employed as an equipment operator by Kelley Contract Dewatering Company which was constructing a dam on the Red River in Natchitoches Parish. Plaintiff was injured *1380 when the forklift he was operating went out of control and crashed at the bottom of a steep excavated incline as a result of alleged faulty brakes on the equipment.
Plaintiff filed suit against Scott Truck & Tractor Company of Louisiana, Inc. which owned and furnished the equipment to Kelley, plaintiff's employer, and Roger Trierweiler, plaintiff's immediate supervisor. Plaintiff's petition alleged that his injury was a result of an intentional act by Trierweiler.
Defendants, Kelley and Trierweiler, filed motions for summary judgment and asserted that plaintiff's sole remedy was under the workmens' compensation laws. Plaintiff alleged that the intentional act by Trierweiler negated the application of the state's workers' compensation laws and allowed him to proceed in tort.
The trial court granted summary judgment motions filed by Kelley and Trierweiler. Plaintiff appealed. We reverse and remand.
Mr. Durrett's job required him to descend from ground level into a large excavated area. Approximately one week before the accident, he noticed that the brakes were defective on the wheel loader he was operating. Because of the nature of his work, he requested that Kelley perform the necessary repairs. Kelley, in turn, notified Scott Truck & Tractor Company of the brake failure and requested service and repair. Neither Kelley nor Scott performed the requested repairs.
According to Mr. Durrett's testimony, he specifically told Trierweiler that the brakes were inoperable approximately five minutes before the accident. Trierweiler allegedly told him to make one more delivery of the pipes into the excavation site. Trierweiler denies plaintiff's version of the facts leading to the accident. His deposition testimony states that he advised plaintiff to discontinue use of the equipment if he felt it was unsafe.

DISCUSSION
LSA-R.S. 23:1032 states in pertinent part:
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease.
* * * * * *
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any such statute or the liability, civil or criminal, resulting from an intentional act.
Bazley v. Tortorich, 397 So.2d 475 (La. 1981), provides the standard under which this court must decide whether an intentional tort or act has occurred which would vitiate the application of the exclusivity provisions of LSA-R.S. 23:1032. Bazley, supra at 482 states that:
[T]he exclusive remedy rule shall be inapplicable to intentional torts or offenses. The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.... Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. (Citations omitted).
Summary judgment is proper when "there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.C.C.P. art. 966. The burden of showing a lack of genuine issue material fact is on the moving party. Any doubt is resolved against the moving party and in favor of a trial on the merits. Thornhill v. Black, Sivalls and Bryson, Inc., 394 So.2d 1189 (La.1981). *1381 Since Bazley v. Tortorich, supra, and the intentional act exception contained in LSA-R.S. 22:1032 require a consideration of intent, the trial court was in error in granting summary judgment. "[Summary judgment] is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith." Penalber v. Blount, 550 So.2d 577 at 583 (La.1989). Moreover, there are too many disputed facts and issues in this case for resolution through the summary judgment procedure. Trial is necessary so that the trier of fact may evaluate the conflicting testimony and determine whether an inference can be drawn that the conduct of the defendants demonstrated a belief that the physical results of their acts were substantially certain to follow and result in plaintiff's injuries.
For the reasons given above, the judgment of the trial court granting summary judgment in favor of Kelley Contract Dewatering Company and Roger Trierweiler is reversed, and this case is remanded to the trial court for further proceedings. The costs of this appeal are assessed to appellees.
REVERSED AND REMANDED.
LABORDE, J., dissents.