657 So.2d 457 (1995)
Rhonda M. JUNEAU, Plaintiff-Appellant,
v.
HUMANA, INC., et al., Defendants-Appellees.
No. 95-267.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1995.
Carol James Aymond Jr., Mark Anthony Jeansonne, Bunkie, for Rhonda M. Juneau.
Jerold Edward Knoll, Marksville, James Martin McGrew, New Orleans, for Humana, Inc. et al.
Before COOKS, SAUNDERS and DECUIR, JJ.
DECUIR, Judge.
This is an appeal from a judgment of the trial court denying plaintiff, Rhonda Juneau, leave to file a third supplemental and amending petition and granting summary judgment in favor of defendants, Humana Hospital, Inc. and Melissa Loughman.

FACTS
In March, 1991, Rhonda Juneau was asked by her co-employee, Regina Lee, to prep and shave a bleeding Cuban-national patient for surgery. Juneau was a nurse at Humana Hospital in Marksville, Louisiana. Apparently, the patient was infected with the HIV virus and had been bleeding profusely, and was in fact actively bleeding at the time. Juneau alleges that Regina Lee knew of the patient's HIV status and failed to notify Juneau.
*458 During preparation and shaving of the patient, Juneau was splashed with HIV blood on her bare arms, face, at least one eye, her mouth, and her nose. Approximately eight months later, Juneau tested positive for HIV. Initially, she filed for an injunction to compel Humana to allow her to continue working as an LPN. In the pleadings therein she noted that she became infected with HIV at Humana.
Subsequently, Juneau filed a petition for damages alleging that her infection was caused by the negligent, grossly negligent, or intentional conduct of defendants, Humana and Juneau's immediate supervisor, Melissa Loughman. A first supplemental and amending petition included additional allegations of intentional tort and damages. Neither petition contained a request for jury trial.
Juneau then filed two motions to recuse the trial judge, which were denied. In both instances this court denied plaintiff's applications for writs.
Thereafter, Juneau filed a second supplemental and amending petition which contained allegations already included in her previous petition and a request for jury trial. Defendants moved to strike the petition on the grounds that plaintiff had not obtained leave to amend and because plaintiff filed the amendment in an attempt to circumvent the time limitations for demanding a jury trial. Juneau then filed her third supplemental and amending petition which contained additional claims for exemplary damages under La.Civil Code article 2315.3 and strict liability, and again contained a jury demand. Defendants reasserted their motion to strike the third supplemental and amending petition on the same grounds as asserted for the second supplemental and amending petition.
The trial court denied leave for filing of plaintiff's second and third supplemental and amending petitions. The court found that the second supplemental and amending petition was filed to circumvent the delays for seeking a jury trial. The trial court also held that the plaintiff had no claim under La.Civ. Code art. 2315.3, and that the third supplemental and amending petition was filed to circumvent the time limitations for requesting a jury trial.
Subsequently, defendants filed a motion for summary judgment on the basis of worker's compensation exclusivity. The trial court granted defendants' motion finding that there was no evidence of an intentional tort committed by defendants against plaintiff. The trial judge subsequently entered final judgment dismissing Juneau's case. Plaintiff filed this appeal alleging that the trial court erred in denying leave to file a third supplemental and amending petition and in granting defendants' motion for summary judgment.

DISCUSSION
This court has held that a trial court must disallow an amended pleading which has as its purpose the circumvention of the time limitation for demanding a jury trial. Sonnier v. Gray Tool Company, 359 So.2d 1111 (La.App. 3 Cir.), writ denied, 362 So.2d 800 (La.1978). Furthermore, the decision to deny leave on this basis is within the court's discretion, and only will be reversed for an abuse of discretion. Breaux v. Roy Young, 397 So.2d 1384 (La.App. 3 Cir.1981); Sonnier, 359 So.2d at 1114. The trial judge denied leave to file a third supplemental and amending petition believing that the petition was filed to circumvent the delays for seeking a jury trial provided by La.Code of Civil Procedure article 1733(C). We disagree.
Juneau's third supplemental and amending petition sought punitive damages under Billiot v. BP Oil Co., 645 So.2d 604 (La.1994). These are clearly new allegations and the plaintiff should have been granted leave to amend her petition.
By her second assignment of error, Juneau alleges that the trial court erred in granting defendants' motion for summary judgment based on the exclusivity of worker's compensation law. We agree.
The primary basis of Juneau's claim is that a co-employee intentionally exposed her to the risk in this case. An employee may defeat a motion for summary judgment based on the exclusivity of worker's compensation laws, even if the employee consents to *459 contact with the offensive substance, if the employee is induced to consent by substantial mistake as to the nature of the substance and the mistake had been known by the employer or induced by the employer's misrepresentation. Fricke v. Owens Corning Fiberglas Corp., 571 So.2d 130 (La.1990). Furthermore, summary judgment is not appropriate in cases requiring judicial determination of subjective facts such as intent, motive, knowledge or malice. Wilson v. Advance Paper Co., 612 So.2d 938 (La.App. 4 Cir. 1993).
We have reviewed the materials submitted in this case and find that there are genuine issues of material fact in dispute. Specifically, we find genuine issues as to the notification of the plaintiff regarding the hazard, the reasons for the lack of more protective measures, and the motives and intent of the supervising employee. Accordingly, the trial court erred in granting the motion for summary judgment.
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings in accordance with the views expressed herein. All costs are taxed to defendants-appellees.
REVERSED AND REMANDED.