671 So.2d 1253 (1996)
Seth PONTHIER, et al., Plaintiffs-Appellants,
v.
BROWN'S MANUFACTURING, INC., Defendant-Appellee.
No. 95-1606.
Court of Appeal of Louisiana, Third Circuit.
April 3, 1996.
*1254 John Taylor Bennett, Marksville, Anthony F. Salario, Baton Rouge, for Seth Ponthier et al.
Gregory Engelsman, Alexandria, for Brown's Manufacturing Inc.
Before DOUCET, C.J. and SULLIVAN and GREMILLION, JJ.
GREMILLION, Judge.
Plaintiff, Seth Ponthier, appeals the trial court's granting of defendant's, Brown's Manufacturing, Inc., motion for summary judgment. The trial court held that Ponthier's exclusive remedy is workers' compensation, finding that his injuries were not the result of an intentional act on the part of an employee of Brown's Manufacturing. We agree and affirm the trial court's decision.

FACTS
On February 20, 1995, Ponthier, who was seventeen years old, was injured while employed with Brown's Manufacturing in Alexandria, Louisiana. On the day of the accident, the president of Brown's Manufacturing, David Brown, told Ponthier to mount a tire on a rim which was to be used on one of his trailers. At first, Ponthier attempted to mount the tire using a tire machine but the tire would not mount. He told Brown, who instructed him to mount the tire manually. Ponthier was able to mount the tire manually, but the tire would not seal properly. When he informed Brown of this, Ponthier was told to put more air in the tire to force it to seal. When Ponthier attempted to put more air in the tire, the tire exploded and Ponthier sustained severe injuries to his upper left arm, requiring several surgeries to graft bone and skin as well as repair the use of the left arm and hand. After the accident, it was discovered that Ponthier was attempting to mount a sixteen inch tire on a sixteen and one-half inch rim.
Ponthier filed suit on June 8, 1995, under the intentional tort exception to the workers' *1255 compensation statutes against Brown's Manufacturing alleging that Brown had committed an intentional tort causing his injuries. On July 27, 1995, Brown's Manufacturing filed a motion for summary judgment claiming that Ponthier was injured in the course and scope of his employment and that his exclusive remedy was workers' compensation. The trial court granted Brown's Manufacturing's motion on September 11, 1995. Ponthier appeals that decision.

LAW
Appellate courts review summary judgments de novo applying the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). Summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966. Facts are material if they determine the outcome of the legal dispute. South Louisiana Bank v. Williams, 591 So.2d 375 (La.App. 3 Cir. 1991), writ denied, 596 So.2d 211 (La.1992). The determination of the materiality of a particular fact must be made in the light of the applicable substantive law. Sun Belt Constructors v. T & R Dragline Service, Inc., 527 So.2d 350 (La. App. 5 Cir.1988). Documents supporting the moving party's position are closely scrutinized while those of the party opposing are indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). A party opposing a motion for summary judgment cannot rely on the bare allegations of their pleadings but must respond by affidavits detailing facts that show the existence of a genuine issue. La.Code Civ.P. art. 967.
If an employee is injured in the course and scope of his employment, his exclusive remedy is workers' compensation. La.R.S. 23:1032(A). However, when the injury results from an intentional act, the employee is not precluded from seeking remedies alternative to worker's compensation. La.R.S. 23:1032(B). In order for an action to be found intentional, the actor must either desire the result of the act or know that the result is substantially certain to occur. Bazley v. Tortorich, 397 So.2d 475 (La.1981). "The intention need not be malicious nor need it be an intention to inflict actual damage. It is sufficient if the actor intends to inflict either a harmful or offensive contact without the other's consent." Caudle v. Betts, 512 So.2d 389, 391 (La.1987).
Ponthier submits his affidavit to support his contention that Brown committed an intentional act. In his affidavit, he points out the culpable acts of Brown, which are as follows:
That he was told to obtain a rim from the junkyard and mount the tire to the rim for use on a goose neck trailer.
That in attempting to use the tire machine to mount the tire, the machine was unable to mount the tire.
That he informed Mr. Brown of this fact and was told to mount the tire manually.
That he was able to mount the tire manually but the tire would not seal to the rim.
That he informed Mr. Brown that the tire would not seal to the rim and that he put a great deal of air in the tire. He was then told to insert more air in the tire and in attempting to do this, the tire exploded resulting in his injuries.
The record also reflects through Brown's uncontradicted affidavit that Ponthier retrieved the rim from the storage room where rims were kept. Brown was not aware that Ponthier was trying to mount a tire on a mismatched rim. Brown states that since he did not know that Ponthier was trying to mount a mismatched tire and rim, he was not and could not have been substantially certain that the injury would occur.
Ponthier also relies on the cases Durrett v. Scott Truck and Tractor, 614 So.2d 1379 (La.App. 3 Cir.), writ denied, 617 So.2d 915 (La.1993) and Juneau v. Humana, Inc., 95-267 (La.App. 3 Cir. 5/31/95); 657 So.2d 457. In Durrett, the plaintiff, a forklift operator, *1256 was injured in the course and scope of his employment when the brakes on the forklift he was operating failed. On several occasions previous to this accident, and specifically minutes before this accident, the plaintiff informed his employer that the brakes were faulty. However, the employer ordered him to make one more load which ended in an accident. The plaintiff filed suit alleging an intentional act by the employer and the employer filed a motion for summary judgment which was granted by the trial court. This court, in reversing the decision of the trial court, stated that:
Trial is necessary so that the trier of fact may evaluate the conflicting testimony and determine whether an inference can be drawn that the conduct of the defendants demonstrated a belief that the physical results of their acts were substantially certain to follow and result in plaintiff's injuries.
Durrett, 614 So.2d at 1381.
In Juneau, the plaintiff, a nurse, was exposed to blood infected with HIV while preparing a patient for surgery. The plaintiff subsequently tested positive for HIV and sued the hospital for intentionally exposing her to the virus, claiming that the hospital knew the patient was HIV positive and failed to warn her so that she might take the necessary precautions. The trial court granted the hospital's motion for summary judgment, finding that there was no evidence of an intentional tort committed by the hospital. This court reversed the trial court's decision finding that there were genuine issues of material fact regarding "... the notification of the plaintiff regarding the hazard, the reasons for the lack of more protective measures, and the motives and intent of the supervising employee." Juneau, 657 So.2d at 459.
However, both of these cases are distinguishable from the case sub judice. In both Durrett and Juneau, the employer had prior knowledge of the dangerous situation. Despite this knowledge, the employer chose to put the employee in a situation where injury was substantially certain to happen. In the present case, after reviewing the record in its entirety, we find no evidence that Brown knew that the harm that befell Ponthier was substantially certain to happen or that he desired the resulting injury to Ponthier.
Our brethren on the First Circuit, Court of Appeal visited this issue recently in Landry v. Uniroyal Chemical Co., Inc., 94-1274 (La. App. 1 Cir. 3/3/95); 653 So.2d 1199, writ denied, 95-1381 (La. 9/15/95); 660 So.2d 461. That court rendered as follows:
Louisiana courts have narrowly interpreted the intentional act exception to the worker's compensation exclusivity provisions. (Citations omitted.) In White v. Monsanto Co., 585 So.2d 1205, 1208 (La. 1991), the supreme court explained the meaning of "intentional act" under Revised Statute 23:1032(B):
[T]he person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself. Only where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional, Bazley v. Tortorich, 397 So.2d 475 (La.1981).
The term "substantially certain" has been interpreted to mean "nearly inevitable," "virtually sure," and "incapable of failing." (Citation omitted.) It requires more than a reasonable probability, even more than a high probability, that an accident or injury will occur. (Citation omitted.) Mere knowledge and appreciation of risk does not constitute intent, nor does reckless or wanton conduct or gross negligence. (Citation omitted.)
Our courts have held that allegations of failure to provide a safe place to work, deficiently designed machinery and disregard of OSHA safety provisions, failure to correct unsafe working conditions, and failure to provide specifically requested safety equipment are not sufficient to invoke the intentional act exception of Revised Statute *1257 23:1032(B) absent proof (or in the case of summary judgment, disputed issues of fact) of either defendant's desire to harm plaintiff or defendant's knowledge that his conduct would nearly inevitably cause injury to plaintiff. (Footnotes omitted.)
Id. at 1202.

CONCLUSION
Having found that there are no facts which would show that Brown either desired to harm Ponthier or knew that his conduct would inevitably cause injury to him, we affirm the decision of the trial court granting Brown's Manufacturing's motion for summary judgment. Ponthier's claim against Brown's Manufacturing, Inc. is dismissed at his cost.
AFFIRMED.