PICKETT, Judge.
This is an appeal from a summary judgment in favor of Hartford Fire Insurance Company and Nutmeg Insurance Company.
The plaintiffs filed an action against the City of Jeanerette on December 21, 1993 for damages allegedly caused by repeated drainage problems and sewerage overflow occurring since they occupied the residence from 1978. The City then filed an exception of prescription which was granted as far as property damage, but denied as to general damages, citing Small v. Avoyelles Parish Police Jury, 589 So.2d 1132 (La.App. 3 Cir.1991), writ denied, 593 So.2d 374 (La.1992).
In June of 1994, the City answered and filed a third party demand against the United States Fidelity and Guaranty and United Community Insurance Companies, claiming coverage and a duty to defend. In February 1995, an amending third party demand was filed by the City, naming Hartford Fire Insurance Company. In February of the following year, the plaintiffs filed a direct action against the City’s insurers, ^Hartford and seven other insurance companies. Though Hartford was named, it is undisputed the *833 correct party is Nutmeg Insurance Company, a Hartford company. Nutmeg provided coverage for the City on claims made during the policy period of January 4,1986 to January 4, 1990.
Nutmeg moved for summary judgment on the basis that no coverage should be provided on this occurrence as no claim had been filed during the policy period. The trial court granted summary judgment finding that neither the City nor the plaintiffs made a claim with the defendant, Nutmeg, during the policy period.
Appellate courts review summary judgments de novo applying the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Ponthier v. Brown’s Mfg., Inc., 95-1606 (La.App. 3 Cir. 4/3/96); 671 So.2d 1253. There are basically two steps in deciding whether to grant a summary judgment. First, the mover for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact through the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any. Liem v. Austin Power, Inc., 569 So.2d 601 (La.App. 2 Cir.1990). A genuine issue is a triable issue of material fact. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La. 7/5/94); 639 So.2d 730. A material fact is one whose existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery, i.e., one that would determine the outcome of the case in a trial of the merits. Second, after it has been established that there are no genuine issues of material fact, a summary judgment should only be granted if mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.
Act 9 of the 1996 Special Session amended Article 966 by adding:
A. (2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be ^construed to accomplish these ends. Article 966 was also amended in the Act.
C. After adequate discovery or after a ease is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.
In Dinger v. Shea, 96-448 (La.App. 3 Cir. 12/11/96); 685 So.2d 485, this court has previously commented on the amendment, as follows:
In other words, pursuant to the statute, summary judgment is now favored and should be applied liberally.
In the past, any doubt regarding the existence of material facts was to be resolved against granting the summary judgment, even if grave doubts existed as to a party’s ability to establish disputed facts at trial. Penton [v. Clarkson], 633 So.2d 918 (citations omitted). The amendment does not change the law regarding burdens of proof, as the mover is still required to prove the absence of a genuine issue and his entitlement to judgment. Short v. Griffin[Giffin], 96-0361 (La.App. 4 Cir. 8/21/96); 682 So.2d 249; Walker v. Kroop, 96-0618 (La.App. 4 Cir. 7/24/96); 678 So.2d 580. However, it now appears, based on the new language of section (C), that in order to rebut a showing made by the mover of the non-existence of a genuine issue of material fact, the nonmoving party will be held to a higher standard of proof, i.e. a non-moving party must sufficiently establish the existence of proof of an essential element of his claim on which he is to bear the burden of proving at trial.
The relevant portions of the Nutmeg policy states on page one:
This is a “claims made” policy, please read all provisions and contact your agent if you have any questions. Your policy applies only to claims for injury or damage made against you after the inception date and before the expiration date of your policy
[[Image here]]
*834 In the portion of the policy entitled “SECTION III — APPLICATION OF POLICY,” the Nutmeg policy provides the following:
Your policy applies to bodily injury, property damage, personal injury, advertising injury, errors or omissions injury or employee benefits ^injury only if a claim for damages because of the bodily injury, property damage, personal injury, advertising injury, errors or omissions injury or employee benefits injury is first made against any insured during the policy period ...
The insurance policy between the City and Nutmeg is a “claims made” policy. A “claims made” insurance policy is one in which coverage attaches only if the negligent harm is discovered and reported within the policy period. Murray v. City of Bunkie, 96-297, p. 4 (La.App. 3 Cir. 11/6/96), 686 So.2d 45. In contrast, an “occurrence policy” merely requires the commission of the negligent act during the policy’s effective period regardless of the date of discovery and reporting. Id.
“An insurance policy is a contract and has the effect of law between the parties.” La.Civ.Code art. 1983; Spurrell v. Ivey, 25,359, 25,360, p. 8 (La.App. 2 Cir. 1/25/94); 630 So.2d 1378, 1383. As a general rule, “[wjhere a policy unambiguously and clearly limits coverage to acts discovered and reported during the policy term, such limitation of liability is not per se impermissible.” Livingston Parish Sch. Bd. v. Fireman’s Fund American Ins. Co., 282 So.2d 478, 481 (La.1973). This is in accordance with the general principle that, in the absence of conflict with statutory provision or public policy, insurers may by unambiguous and clear notice provisions limit their liability and impose such reasonable conditions as they wish upon the obligations they assume by their contract. Livingston, 282 So.2d at 481.
The appellant maintains that the trial court improperly granted Nutmeg’s motion in light of Murray. This Court in Murray held that under Louisiana’s Direct Action Statute, a tort victim’s rights vest at the time the tort was committed and those rights could not be taken away because of' the insured’s failure to comply with notification terms of its claims-made policy. In Murray, the insurer provided a claim-made professional liability policy to the City of Bunkie. During the policy period, plaintiff |ssent a demand letter to the City calling for money damages for injuries he suffered while incarcerated in the city jail. The City failed to give notice of the demand during the policy period to its insurer as required for coverage under the terms of the policy. Plaintiff subsequently sued the City after the policy lapsed. In finding for the plaintiff, the Court held that notice provisions could not be used as a coverage defense against third parties who had no knowledge of the provision and who had taken steps to pursue their legal remedies. Murray, 686 So.2d 45.
Likewise, in Williams v. Lemaire, 94-1465 (La.App. 4 Cir. 5/16/95); 655 So.2d 765, writ denied, 95-1514 (La. 9/22/95); 660 So.2d 481, the plaintiff sued her insurance agent’s errors and omissions insurer for the agent allowing the plaintiff’s uninsured motorists coverage to lapse. The agent was not served until four months after his claims-made policy period expired, though the plaintiff claimed she told the agent during the policy period. The Court based its finding for the plaintiff on the fact the tort occurred during the policy and the plaintiff gave notice to the insured during the period. The duty to notify was known only to the insurer and the insured, thus, out of the hands of the plaintiff. Enforcement of the notification provision under the facts presented was determined to deprive the plaintiff of her right of action under La.R.S. 22:655.
The cases cited stand only for the proposition that under certain situations a notification provision in a claims-made policy may violate public policy and therefore be unenforceable to a third party to the insurance agreement. See Livingston, 282 So.2d 478, that holds when a policy clearly limits coverage to acts discovered and reported during the policy’s effective term, this, limitation of liability is not per se invalid.
Under the Nutmeg policy, coverage is triggered when a claim is made to thejjinsured. The policy defines a claim as “a demand received by any insured for damages alleging *835 injury or damage to persons or property, including the institution of a suit for such damages for any insured.”
The power to trigger coverage by Nutmeg lay not with the insured, but on the tortfeasor by notifying the insured. In support of Nutmeg’s motion for summary judgment, the deposition of the plaintiff, Ms. Pittman was introduced in evidence. Ms. Pittman states that she did not notify the City until March of 1993, three years after the policy period. However, the Pittmans contacted the City on many occasions beginning as early as 1984 after their dogs became ill. They made repeated visits to the City about the problem, explaining the problem to the City Council and the City’s Public Works Director, Jack Reeves. In response to the plaintiffs ongoing complaints and problems, the City would go to the Pittmans’ property and blow out the sewer lines. In the beginning, the City would blow out the lines four times per year. Then it began to blow the lines out eight times a year, and then ten times per year. Eventually, the City was blowing the lines out every month. In 1991, the City relaid the Pittmans’ sewer lines which still did not correct the problem.
Whether or not the City received a demand for damages is a material fact. Even in the light of amended La.Code Civ.P. art. 966 favoring summary judgment, we feel that from the facts presented, Nutmeg has not met its burden of showing that there is no genuine issue as to whether the City had received sufficient notice from these numerous contacts with the plaintiff.
Accordingly, we find the trial court incorrectly found summary judgment proper in this case. The judgment of the trial court is reversed and the matter is remanded for further proceedings. The costs of the appeal are to be paid by the defendant; all other costs are to await further proceedings.
^REVERSED AND REMANDED.