| t SAUNDERS, Judge.
The United States of America, Rural Development, acting through the Rural Housing Service, United ' States Department of Agriculture, hereinafter “Plaintiff,” filed suit against Charles Ray Alexander, Sr., and Shirley Mae Rideaux Alexander, hereinafter “Defendants,” seeking a judgment in rem against property located in the Parish of Iberia. The trial judge ruled in favor of Plaintiffs motion for summary judgment. We affirm.
FACTS
The facts concerning this suit are simple and are not in dispute. In 1971, Defendants executed and delivered to Plaintiff a promissory note in the principal sum of $14,220 with an interest rate of 7.25% per annum. In 1980, the principal and interest were re-amortized with a new principal amount of $15,413.71. On April 30, 1998, Defendants defaulted. At that time, the unpaid principal balance was |?,$11,956.78, plus accrued interest of $5,182.20. Because Defendants failed to pay the principal and interest due, Plaintiff accelerated the maturity of all principal and interest owing under the terms of the note. Defendants have refused to pay the accelerated demand. On May 18, 1998, Plaintiff filed a petition for judgment in rem, seeking recognition of the mortgage on the immovable property and that the property be sold with benefit of appraisal. Defendants answered the suit alleging that the debt had been discharged in bankruptcy. Plaintiff filed a motion for summary judgment which was heard on August 14, 1998. On August 27, 1998, the trial court rendered Judgment in Rem on Motion for Summary Judgment in favor of Plaintiff and against Defendants to the extent of indebtedness owed on the property with full recognition of the special mortgage, lien and privilege upon the property. The trial court further held that Plaintiff shall not have the right to proceed against Defendants for deficiency remaining after a sheriffs sale of the property.

LAW AND ANALYSIS

Appellate courts review summary judgments de novo applying the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Ponthier v. Brown’s Mfg., Inc., 95-1606 (La.App. 3 Cir. 4/3/96); 671 So.2d 1253. There are basically two steps in deciding whether to grant a summary judgment. First, the mover for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact through the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any. Liem v. Austin Power, Inc., 569 So.2d 601 (La.App. 2 Cir.1990). A *789 genuine issue is a triable issue. See generally, McCrae v. Hankins, 720 F.2d 863 (5th Cir.1983). A material fact is one whose existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery, i.e., one that would matter on a trial of the merits. Second, after it has been established |3that there are no genuine issues of material fact, a summary judgment should only be granted if mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.
Act 9 of the 1996 First Extraordinary Session amended La.Code Civ.P. art. 966 by adding:
(A)(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
La.Codfe Civ.P. art. 966(C)(1) was also amended in Act 483 of 1997:
After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
In the matter sub judice, Plaintiff introduced the affidavit of Deborah B. Redfern, the Single Family Housing Program Director for the Rural Development, acting through the Rural Housing Service, United States Department of Agriculture, Alexandria, Louisiana. Her affidavit and the exhibits revealed that Defendants executed and delivered to Plaintiff a certain promissory note dated November 17, 1971, in the principal sum of $14,220.00. The exhibits further showed that there was a mortgage in favor of Plaintiff upon the property executed on November 17, 1971. The affidavit revealed that Defendants were in default of the described note and mortgage as to the payments required by them and that there was an unpaid balance of $11,-956.78, plus accrued interest of $5,182.20 as of April 30, 1998, plus interest accruing thereafter at the daily rate of $2.3749. The exhibits also revealed that there was a notice of acceleration sent to Defendants by certified mail on March 11, 1998. On April 30, 1998, Plaintiff notified Defendants that they were about to foreclose on the mortgage on the property. The letter requested that Defendants contact Plaintiffs office to attempt to make a settlement and to avoid foreclosure.
At the hearing on the motion for summary judgment, Defendant argued that his | ¿debt had been discharged in bankruptcy in prior bankruptcy proceedings. Plaintiff attached the findings and recommendations rendered on May 23, 1997, by the U.S. Magistrate for the United States District Court, Western District of Louisiana. It is clear from those findings that Defendant raised the same arguments in federal court that he raises in this appeal. In that suit, the ruling made clear that Defendant’s bankruptcy discharge protected him from personal liability for his debts, not from secured creditors holding rights in rem against his immovable property. The magistrate found that his appeal was without merit and that the appeal be dismissed with prejudice.
DECREE
In light of the foregoing and after a review of the record, we find Defendants presented no evidence to dispute the facts evidenced by Plaintiff. Accordingly, where we find no genuine issue of material fact, we must affirm the trial court’s rule granting summary judgment in favor of Plaintiff. Costs assessed Defendants.
AFFIRMED.