755 So.2d 982 (1999)
Darrell BELGARD, et al., Plaintiffs Appellants,
v.
AMERICAN FREIGHTWAYS, INC., et al. DefendantsAppellees.
No. 99-1067.
Court of Appeal of Louisiana, Third Circuit.
December 29, 1999.
Writ Denied March 31, 2000.
*983 Kenneth Alfred Doggett, Joseph Bailey, Alexandria, for Darrell Belgard, et al.
Kimberly G. Anderson, New Orleans, for American Freightways, Inc., et al.
BEFORE: THIBODEAUX, SAUNDERS, WOODARD, DECUIR, and PICKETT, Judges.
WOODARD, Judge.
In this personal injury case, Mr. Darrell Belgard (Belgard) filed suit against American Freightways, Inc. (American) and Mr. Kip Rodriguez (Rodriguez) for personal injuries he sustained from inhaling toxic ammonium hydroxate fumes while on the job at American's terminal facility. Belgard applied for and received workers' compensation benefits for his injuries. His wife and minor child claimed loss of consortium damages. American and Rodriguez moved for summary judgment, dismissing the Belgards' claim, contending that Belgard's exclusive remedy was workers' compensation benefits. Belgard claimed that American and Rodriguez intentionally caused his injuries. The trial court granted the motion for summary judgment and dismissed the Belgards' claims. The Belgards moved for a new trial which the trial court denied. Now, they devolutively appeal. We reverse.

FACTS
American employed Belgard in its Pineville, Louisiana terminal on August 29, 1997. He generally reported to work at about 10:30 p.m. and would work four hours, positioning trailers at the terminal so that the freight could be transferred through the hub to its proper destination. Then, normally he would work the remaining four hours on the terminal dock, loading trucks before going home.
On the night of his injury, he performed his duties, shuttling trailers around the terminal yard. Then a fork lift operator, while attempting to off-load a drum containing *984 liquid ammonium hydroxate solution, punctured the drum with one of the fork lift's blades. The liquid ammonium hydroxate spilled into the trailer and leaked out of its front onto the ground near the tractor.
At the time of the leak, American employed Rodriguez as the terminal's night supervisor. Once he became aware of the leak, he evacuated all employees from the dock area where the spill occurred. He jumped on a forklift, went inside the trailer, and moved the leaking drum to the dock. Mr. Johnnie Sullivan, American's terminal manager, and another unnamed worker turned the leaking drum over and patched the holes to stop the leak. In this process, these men were exposed to the toxic fumes.
Belgard immediately noticed the fumes when he came into the dock area. Sullivan was on all fours, gasping for air and nearly throwing up. Belgard saw Rodriguez gasping for air. When Rodriguez saw Belgard and received clearance from Sullivan, he ordered Belgard to move the trailer away from the building.
When he did so without protective equipment, he inhaled the ammonium hydroxate fumes in and around the trailer. Shortly thereafter, at 4:40 a.m., he reported to the emergency room of a nearby hospital, complaining of irritation of his nasal passages and being unable to take a deep breath.
The fumes caused him permanent debilitating injuries, and he claimed and received workers' compensation benefits from September 19, 1997 until June 7, 1999, when he returned to work. On April 29, 1998, Belgard, his wife, and his minor child, filed suit against American and Rodriguez. Belgard claims damages from them for his personal injuries, and his wife and child requested damages for loss of consortium. American and Rodriguez filed a motion for summary judgment, contending that the Belgards' exclusive remedy was workers' compensation. On January 8, 1999, the trial court granted the summary judgment, dismissing the Belgards' tort claims with prejudice. The court issued written reasons for judgment and signed the judgment on January 13, 1999. The Belgards moved for a new trial. The trial court supplemented its written reasons for judgment on February 26, 1999. On March 11, 1999, it denied the Belgards' motion. They filed a motion for an appeal, and the trial court signed the order on April 16, 1999.

ISSUE
American, Belgard's employer, ordered him into an area of toxic fumes, without protective equipment, where he suffered an inhalation injury. The trial court granted American's summary judgment that Belgard's exclusive remedy was workers' compensation, as it found that American's conduct was not intentional. We must decide whether the trial court erred, as Belgard's deposition alleges that his supervisor intentionally tried to harm him with the order to enter an area of toxic fumes without protective equipment.

LAW
At the outset we note that appellate courts review summary judgments de novo under the same criteria that governed the trial court's consideration of whether or not summary judgment was appropriate.[1] Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and, admissions on file together with affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.[2]
*985 La.Code Civ.P. art. 966, charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, the moving party's supporting documentation must be sufficient to establish that no genuine issue of material fact remains at stake.[3] Once the mover makes a prima facie showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the nonmover.[4] Furthermore, La.Code Civ.P. art. 967 provides, in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his responses by affidavits or otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains.[5] After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment.[6] Thus, summary judgment is apropos when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts.[7]
Facts are material if they determine the outcome of the legal dispute.[8] The determination of the materiality of a particular fact must be made in light of the relevant substantive law.[9]
The relevant substantive law is found in La.R.S. 23:1032. If an employee is injured in the course and scope of his employment, his exclusive remedy is workers' compensation.[10] However, when the injury occurs from an intentional act, the employee may seek other remedies.[11] This statute, giving a worker a remedy for an intentional injury, states:
Nothing in this Chapter [Chapter 10 Workers' Compensation] shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
In the context of the above statute in Bazley v. Tortorich,[12] the Louisiana Supreme Court defined the term "intentional act" found in the statute:
The meaning of intent is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that result is substantially certain to follow from his conduct, whatever his desire may be as to that result.
Thus, these are the precise factual issues with which we are concerned. Rodriguez's intention need not have been malicious, nor need he have had an intention to inflict actual damages.[13]
*986 In answering these questions involving Rodriguez's intent, the trial court made a determination of subjective facts and in doing so, erred. In part, it stated: "The filings do not warrant a finding that the American Freightways' supervisor desired the physical results of their acts, i.e. Darrell Belgard receiving chemical injuries, or knowledge the results were substantially certain to follow."
Summary judgment is hardly ever appropriate when there are questions relating to subjective facts such as intent, knowledge, motive, malice, or good faith.[14] Such determinations are only possible by the trier of fact who has the opportunity to hear all the evidence and to observe the witnesses on direct and cross-examination; here, particularly Belgard and Rodriguez.
Additionally, we note that the record contains Belgard's deposition testimony as follows:
Q ... do you think that Mr. Rodriguez intended you to get hurt?
A Well, he knew that chemical was bad. He's falling down. He can't breathe his own self. You know?
Q But my question isdo you think he sent you to move the trailer, so that you would get hurt?
A Yes, ma'am.
This direct allegation of Rodriguez's alleged intent to injure Belgard by ordering him into an area of toxic fumes without any protection is not addressed in Rodriguez's, or Sullivan's depositions.
Mr. Rodriguez's testimony reveals, in part:
Q All right. Now, when you entered the trailer with the forklift, was it... was it strong ...
[interrupted]
A Yes.
Q It was ... [interrupted]
A Yes. It was strong ... [interrupted]
Q Offensive place. I mean, you wouldn't want to stay in there. Right?
A No. No, you had to hold your breath.
Q Had to hold your breath.
A Yes. I ... I held my breath to go in...
Q Did it burn your eyes?
A It didn't burn my eyes. It was just strong. I was just a strong odor.
Q Ammonia smell?
A Ammonia. Ammonia smelling. You know how that ... it would just make you want to hold your breath.
. . . .
Q Okay. You had already evacuated the men from the building, before you called Darrell Belgard to move the trailer?
A Correct.
Having personally experienced the effects of the toxic fumes, this testimony establishes Mr. Rodriguez's knowledge that they might have been harmful before he ordered Belgard to move the trailer, which could be interpreted to satisfy the second option regarding proving intent. To order an unprotected worker into area of toxic fumes that has just been evacuated to protect other workers is hardly harmless conduct. In other cases where an employer has had knowledge of a dangerous situation and, nevertheless, ordered an employee into a situation where injury is likely to occur, as here, we have reversed a trial court's grant of summary judgment in favor of the employer and remanded for trial.[15]
*987 We find that material facts are in dispute, concerning Mr. Rodriguez's intent and knowledge, which make summary judgment improper. Accordingly, the trial court's judgment is reversed.

CONCLUSION
The trial court erred in making a subjective determination of material facts of the knowledge and intent of American supervisor, Mr. Rodriguez, at the time he ordered Belgard, without protective equipment, to move a trailer containing a leaking toxic chemical which was emitting deleterious fumes. The summary judgment is reversed, and the matter is remanded to the trial court for trial. American is cast with the costs of this appeal.
REVERSED AND REMANDED.
DECUIR, J., dissents and assigns reasons.
DECUIR, J., Dissenting.
I respectfully dissent. The majority opinion fails to consider relevant jurisprudence and undermines the exclusivity rule of workers' compensation law.
In reversing the trial court, the majority relies on Bazley v. Tortorich, 397 So.2d 475 (La.1981). They argue that there remains an issue of material fact concerning Mr. Rodriguez's knowledge that there was "substantial certainty" that Belgard would suffer harm under the circumstances presented at his job. For the reasons that follow, I respectfully disagree.
In Babin v. Edwards, 456 So.2d 659 (La.App. 1 Cir.), writ denied, 460 So.2d 604 (La.1984), the First Circuit noted that substantial certainty is not an alternative to intentional act but a method of proving that the act was intentional.
In Gallant v. Transcontinental Drilling Company, 471 So.2d 858 (La.App. 2d Cir. 1985), Edgar Gallant brought suit against his employer, Transcontinental, for injuries sustained in a drilling rig accident. Gallant alleged that the drilling rig derrick on which he was working was leaning dangerously at the time of the accident and that Transcontinental was aware of the dangerous condition. Because the dangerous condition existed, injury was substantially certain to follow, and Transcontinental thus was guilty of an intentional tort. Transcontinental's motion for summary judgment was initially overruled, but later was granted on rehearing.
American Freightways may have failed to provide Belgard with a safe place to work and, therefore, may be negligent; but as illustrated in Hood v. South Louis. Medical Center, 517 So.2d 469 (La.App. 1 Cir.1987), failure to maintain safe conditions at work may give rise to conditions "which, at most, could be said to have made the occurrence of an accident likely, but the circumstances fall short of indicating that injury to plaintiff was inevitable or substantially certain to occur." Hood, 517 So.2d at 471.
Louisiana Courts have held that an employer's failure to provide even specifically requested safety equipment is not an intentional tort for purposes of the exception to the worker's compensation exclusivity rule. Even proof that a worker was told by his employer to work in an unsafe place was considered insufficient to prove an intentional tort. Jacobsen v. Southeast Distributors, Inc., 413 So.2d 995 (La.App. 4 Cir.), writ denied 415 So.2d 953 (La. 1982).
Accordingly, because the majority opinion fails to address this jurisprudence and seriously undermines the exclusivity rule of workers' compensation, I respectfully dissent.
NOTES
[1] Schroeder v. Board of Sup'rs of La. State Univ., 591 So.2d 342 (La.1991); Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979.
[2] La.Code Civ.P. art. 966(B).
[3] Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323.
[4] Id.
[5] Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-50 (La.3/13/98); 712 So.2d 882.
[6] Id.
[7] Id.
[8] Soileau, 702 So.2d 818.
[9] Id.
[10] La.R.S. 23:1032(A).
[11] La.R.S. 23:1032(B).
[12] 397 So.2d 475, 481 (La.1981); See also, Ponthier v. Brown's Mfg., Inc. 95-1606 (La. App. 3 Cir. 4/3/96); 671 So.2d 1253.
[13] Caudle v. Betts, 512 So.2d 389 (La.1987).
[14] Nelson v. Torian, 96-176 (La.App. 3 Cir. 6/26/96); 676 So.2d 773, writ denied, 96-1938 (La.11/15/96); 682 So.2d 761; Greer v. Dresser Indus., Inc., 98-129 (La.App. 3 Cir. 7/1/98); 715 So.2d 1235, writ denied, 98-2094 (La.11/6/98); 728 So.2d 867.
[15] See generally, Durrett v. Scott Truck & Tractor, 614 So.2d 1379 (La.App. 3 Cir.), writ denied, 617 So.2d 915 (La.1993); Juneau v. Humana, Inc. 95-267 (La.App. 3 Cir. 5/31/95); 657 So.2d 457.