STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CHARLES L. VENABLE, ET AL.

VERSUS

AUSTIN DEJEAN, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2010-11074
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

REVERSED AND REMANDED.

Dennis Joseph Phayer
Mindy M. Nunez
Burglass & Tankersley
5213 Airline Drive
Metairie, LA 70001-5602
(504) 836-2220
COUNSEL FOR DEFENDANTS/APPELLEES:
    Rayne Autorepair, Inc.
    Michael R. Stanford

**John M. Jefcoat**
**Britney L. Hebert**
**Galloway Jefcoat, L.L.P.**
**P. O. Box 61550**
**Lafayette, LA 70596-1550**
**(337) 984-8020**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Charles L. Venable**

**PICKETT, Judge.**

Charles Venable appeals the trial court's grant of summary judgment dismissing his claims against the owner of a sign that allegedly contributed to the accident in which he was injured. Finding the owner of the sign did not carry its burden of proof, we reverse the judgment of the trial court and remand this matter for further proceedings.

## FACTS

Charles Louis Venable (Louis), Chad Venable, and Jennifer Milatovich filed suit against Austin Dejean, Jr., Rayne Auto Repair, Inc., Michael Stanford, and their respective insurers, seeking damages they claim to have suffered when trucks driven by Mr. Dejean and Mr. Chad Venable collided on September 15, 2009. Mr. Dejean owns a business that is located on East Texas Street in Rayne. His business is next door to Rayne Auto Repair; Mr. Stanford is the owner and operator of Rayne Auto Repair. The plaintiffs alleged that the collision occurred when Mr. Dejean exited his driveway and hit Mr. Venable's truck. They further alleged that a sign owned by Rayne Auto Repair and placed near the street blocked Mr. Dejean's view of East Texas Street and Mr. Venable's truck as it travelled toward Mr. Dejean. The plaintiffs contend, therefore, that the sign contributed to the collision and that Rayne Auto Repair and its insurer are liable to them for damages.

Charles and Chad Venable settled their claims against Mr. Austin and his insurer and dismissed their claims against them, reserving their rights against Rayne Auto Repair and the remaining defendants. Chad is no longer a plaintiff in this lawsuit.

Rayne Auto Repair and Michael Stanford filed a motion for summary judgment, asserting they were not at fault in causing the collision between Mr. Dejean and Mr. Venable. After a hearing on the motion, the trial court concluded that Mr. Dejean did not state that Rayne Auto Repair's sign blocked his view of Mr. Venable's truck before the collision occurred and granted summary judgment in favor of Rayne Auto Repair and Mr. Stanford. When denying the motion, the trial court stated, "Mr. Dejean denie[d] that he told the police officer that the signs, in fact, impaired or affected his abilities [or] his view."

## ASSIGNMENT OF ERROR

> The trial court erred in granting summary judgment in favor of the defendant, as numerous general issues of material fact exist and the defendant is not entitled to a judgment as a matter of law.

## SUMMARY JUDGMENT

Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. *La. Safety Ass'n of Timbermen-Self Insurers Fund v. La. Ins. Guar. Ass'n*, 09-23 (La. 6/26/09), 17 So.3d 350. A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2).

On a motion for summary judgment, the initial burden of proof is on the mover to show that no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(2). If the movant will not bear the burden of proof at trial, he need not

2

"negate all essential elements of the adverse party's claim"; however, he must show "there is an absence of factual support for one or more elements essential to the adverse party's claim." *Id.* If the movant meets this initial burden of proof, the burden shifts to the adverse party "to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial." *Id.*

"A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute**."** *Hines v. Garrett,* 04-806, p. 1 (La.6/25/04), 876 So.2d 764, 765 (citation omitted). **"A** genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Id.* at 765-66.

Though summary judgments are now favored, "factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050. When considering a motion for summary judgment, the trial court cannot "consider the merits, make credibility determinations, evaluate testimony or weigh evidence." *Prop. Ins. Ass'n of La. v. Theriot*, 09-1152, p. 3 (La. 3/16/10), 31 So.3d 1012, 1014 (quoting *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459, 04-1460, 04-1466, p. 11 (La. 4/12/05), 907 So.2d. 37, 48). It is for "the trier of fact who has the opportunity to hear all the evidence and to observe the witnesses" to make credibility determinations. *Belgard v. Am. Freightways, Inc.*, 99-1067, p. 5 (La.App. 3 Cir. 12/29/99), 755 So.2d 982, 986, *writ denied*, 00-293 (La. 3/31/00), 756 So.2d 1147.

## DISCUSSION

The trial court granted summary judgment because Mr. Dejean denied that he told the police officer who investigated the accident that a sign or signs owned by Rayne Auto Repair impaired or affected his ability to see Mr. Venable's truck and that he did not see Mr. Venable's truck because of the sign or signs. Notwithstanding this denial, when asked, "Do you believe that the sign of Rayne Auto Repair obstructed your view," Mr. Dejean testified, "I probably made the statement. . . . I most probably told them it was." Mr. Dejean also plainly stated in his deposition, "I made the statement about the sign."

Throughout his deposition, Mr. Dejean vacillated between (1) denying that he stated the signs blocked his view of Mr. Venable's truck, (2) admitting that he made the statement, and (3) insinuating that Mr. Venable, not him, told the police officer that he stated the sign blocked his view of Mr. Venable's truck. Mr. Dejean also testified that he could see Mr. Venable's truck from the time Mr. Venable turned onto East Texas Street until their vehicles collided and that Mr. Venable ran into his truck on purpose.

To be entitled to summary judgment, Rayne Auto Repair and Mr. Stanford had to prove that no genuine issue of material fact exists as to whether a sign owned by them contributed to the collision between Mr. Dejean and Mr. Venable. Mr. Dejean's testimony as to whether the sign blocked his view of Mr. Venable's truck is equivocal and requires a credibility determination that can only be made by the trier of fact after a trial on the merits. *Prop. Ins. Ass'n of La.,* 31 So.3d 1012.

Neither Mr. Dejean's testimony nor any other evidence establishes that there is an absence of factual support for Mr. Venable's claim that a sign owned by Rayne Auto Repair and/or Mr. Stanford caused or contributed to Mr. Dejean

hitting his vehicle. Rayne Auto Repair and Mr. Stanford have not proven they are entitled to summary, and the judgment of the trial court must be reversed.

## DISPOSITION

The judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings. All costs are assessed to Rayne Auto Repair, Inc. and Michael Stanford.

**REVERSED AND REMANDED.**