h KIRBY, Judge.
Plaintiff-Appellant, Mary Palmer Moore, appeals the granting of a Motion for Summary Judgment in favor of Defendants-Appellees, Wenona Marie Dupart and Wilfred John Dupart, Jr., dismissing her redhibition and fraud claims. Upon de novo review, we find that Defendants-Movers did not shift the burden of proof and that genuine issues of material fact remain, thus, a Summary Judgment should not have been issued.

STATEMENT OF THE FACTS

In or about October or November 1996, Mr. and Mrs. Dupart purchased a residence located at 2735 Havana Street, New Orleans, Louisiana (the “home”) for the sum of seven thousand dollars ($7,000.00). At that time, the home was “in need of repairs” and required “[a]lot of renovation work,” all of which Mr. Dupart did himself. As he said to Ms. Moore, “I totally renovated this house. You wouldn’t have believed how this house was when I bought it and I have totally renovated it.” Mr. and Mrs. Dupart listed the home for sale on April 17, 1997, and | ¡.sold it to Ms. Moore on June 6, 1997, for the sum of twenty-seven thousand, five hundred dollars ($27,-500).[1]
Mr. and Mrs. Dupart’s renovations of the home included making a shed into a rear attachment of the home or into an “other” room. Mr. Dupart accomplished this by replacing “bad” exterior weather board; by adding a wall to separate the rear area of the home into two rooms; by placing sheet-rock over “old looking studs” along the walls and ceilings; by painting over this; by adding electrical fixtures; by changing the pipes; and by replacing the water heater, among other things.
When Mr. Dupart’s agent showed the rear part of the home to Ms. Moore, she was led to believe that the rear of the home was part of the living area by the agent’s words: “You can use this for whatever you want. This is a plus.”
Ms. Moore bought the home and in fact used the rear of the home as a sewing room. In the Agreement to Purchase, the Duparts had Ms. Moore sign a Waiver of Warranty and Redhibition Rights.
Approximately six months after the sale, Ms. Moore brought this redhibition action. She had to cease using the rear of the home because of leaks. She had also noticed that the new sheet-rock was peeling away, due to the leakage. She called in an engineer to find out what the problem was. Upon tearing the freshly laid, and already peeling, sheet-rock, they discovered that new wooden boards had been rigged alongside old, rotten boards in Mr. Dupart’s “renovation” process.

INACTION OF THE TRIAL COURT

On June 2, 1998, Ms. Moore filed a Petition for Redhibition against Mr. and Mrs. Dupart stating claims for redhibition and fraud. In response to the petition, Mr. and Mrs. Dupart filed a Motion for Summary Judgment based on an alleged and purported waiver of redhibition. Ms. Moore opposed the motion.
After a hearing on November 5, 1999, the trial court granted the Defendant’s Motion for Summary Judgment and signed the Judgment on November 9, 1999. The Court signed Ms. Moore’s Motion and Order for Appeal.
*210 Ms. Moore filed a Request for Findings of Fact and Reasons for Judgment on November 9, 1999. The trial court gave no written findings of fact or reasons for its judgment, nor was any transcript of the November 5,1999 hearing available.

ASSIGNMENT OF ERRORS

Ms. Moore assigns three errors to the trial court. First, the trial court erred in granting a Motion for Summary Judgment based on an ineffective waiver, because it was not contained in the act of sale of the home. Second, the Summary Judgment should not have been granted because there exist genuine issues of fact as to whether the Duparts were “manufacturers” of the home, and therefore conclusively presumed to know of the defects in the home. Said knowledge would negate the purported waiver of rights, because the Duparts failed to declare the defects of the home. Finally, the trial court erred because there exist genuine issues of material fact as to whether the Duparts fraudulently misrepresented to |4Ms. Moore that the home had no defects, and such fraud would make any agreement relatively null.

STATEMENT OF THE LAW

We recently stated the law concerning summary judgment in Newton & Associates, Inc. v. Timothy Sheridan, 99-2048 (La.App. 4 Cir. 12/13/00), 775 So.2d 1144, to wit:
Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P.Art. 966. Article 966 was amended in 1996, but the burden of proof remains with the mover to show that no genuine issue of material fact exists. If, as here, the mover will not bear the burden of proof at trial, his burden on the motion does not require him to negate all essential elements of the plaintiffs claim, but rather to point out that there is an absence of factual support for one or more elements essential to the claim. La.C.C. art. 966 C(2); Fairbanks v. Tulane University, 98-1228 (La.App. 4 Cir. 3/31/99), 731 So.2d 983. After the mover has met its initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966 C(2); Smith v. General Motors Corp., 31-258 (La.App. 2 Cir. 12/9/98), 722 So.2d 348. If the non-moving party fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment. La. C.C.P. art. 966; Schwarz v. Administrators of Tulane Educational Fund, 97-0222 (La.App. 4 Cir. 9/10/97), 699 So.2d 895. Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate.
Newton & Associates, Inc., Supra, at 1145-46.
Un this case the mover, Defendants, filed a document that purported to be a waiver of redhibition. However, they did not file a copy of the Act of Sale, i.e. the contract in which an effective waiver under these circumstances must be contained. Boos v. Benson Jeep-Eagle Co., Inc., 98-1424 (La.App. 4 Cir.1998), 717 So.2d 661, 663. Even if no other genuine issue of material fact existed, and we think they do exist, this alone would be a basis to deny Defendants’ Motion for Summary Judgment because summary judgment is proper if and only if no issue of material fact exists.
*211 The first assignment of error deals with whether the waiver of redhibition was effective, given that it was not contained in the act of sale.
In Boos v. Benson Jeep-Eagle Company, Inc., 98-1424, pp. 3-4, (La.App. 4 Cir. 6/24/98), 717 So.2d 661, 663-664, we stated the law on waiver of warranty:
In order to be effective, a waiver of warranty must: (1) be written in clear and unambiguous terms; (2) be contained in the contract; and, (3) either be brought to the attention of the buyer or explained to him. Mitchell v. Popiwchak, 95-1423, p. 4 (La.App. 4 Cir. 6/26/96), 677 So.2d 1050, 1053; Ross v. Premier Imports, 96-2577, pp. 6-7 (La.App. 1 Cir. 11/7/97), 704 So.2d 17, 21, writ denied, 97-3035 (La.2/13/98), 709 So.2d 750. The seller has the burden of proving that the buyer waived the warranties. Pias v. Wiggins, 96-499, p. 6 (La.App. 3d Cir.10/09/96), 688 So.2d 1103, 1106, writ denied, 96-2691 (La.1/10/97), 685 So.2d 143. Such waivers are strictly [98-1424 La.App. 4 Cir.4] construed against the seller. Guillory v. Morein Motor Company, Inc., 322 So.2d 375, 378 (La.App. 3 Cir.1975).

Boos v. Benson Jeep-Eagle Co., Inc., supra.

The record contains a document, that Ms. Moore signed, that was stated to be a waiver of warranty and redhibition. However, the contract in which an | (¡effective waiver of rights must be contained, i.e. the Act of Sale, was nowhere to be found in the record.[2]
The amended section of La.C.C.P. Art. 966 facilitates the granting of a summary judgment in that it allows certain movants[3] to focus on one essential element of a claim, and if they can establish that this element cannot be satisfied, then they can obtain summary judgment. The burden of proof does not shift from the certain movant, unless and until he points out that there is an absence of factual support for an element of the claim. Here, filing the purported waiver, without filing the Act of Sale in which the law requires it to be contained, does not point out that there is an absence of factual support for Ms. Moore’s claim.[4] The evidence that Defendants brought forth was not sufficient to shift the burden of proof to the Plaintiff. For this reason, summary judgment was not proper.
The second assignment of error is that there are genuine issues of fact as to whether the Duparts were “manufacturers” of the home, and therefore conclusively presumed to know of the defects in the home. Said knowledge would vitiate consent to a waiver even if it were contained in the act of sale. Ms. Moore’s consent would be vitiated because the Duparts never declared such defects to Ms. Moore. To the contrary, the Duparts declared in a Property Disclosure Form that there were no defects in the roof, structure or walls.
|7Ms. Moore’s petition alleges in detail as to how these parts of the home were “rotten” and concealed behind sheet-rock. The record also contains the letter of an engineer who tore down the sheet-rock *212 and found rotten boards, among other defects. Again, the fact that Defendants filed a piece of paper that stated it was a waiver, certainly does not point out that there is no genuine issue of material fact as to whether or not the Duparts committed fraud. If these allegations were found to be true, this would constitute fraud as defined under La.C.C. Art. 1953. At the very least this would have been an error that vitiates consent, because the defects concerned the cause for which Ms. Moore purchased the home.[5] La.C.C. Art. 1949.
This certainly constitutes a genuine issue of material fact, to which the Duparts presented no countervailing evidence to contradict the allegations of Ms. Moore nor the engineer’s letter. Thus, there is another reason why summary judgment should not have been granted.
The third assignment of error states that the trial court erred because there exist genuine issues of material fact as to whether the Duparts fraudulently misrepresented to Ms. Moore that the home had no defects.
There is longstanding jurisprudence that states that issues pertaining to subjective facts such as intent, knowledge, motive, malice, or good faith are usually not appropriate to a summary judgment determination. Murphy’s Lease & Welding Service, Inc. v. Bayou Concessions Salvage, Inc., 00-978 (La.App. 3 Cir. 3/8/01), 780 So.2d 1284; Belgard v. American Freightways, Inc., 99-1067 (La.App. 3 Cir. 12/29/99), 755 So.2d 982, writ denied, 00-293 (La.3/31/00); 756 So.2d 1147; Nelson v. Torian, 96-176 (La.App. 3 Cir. 6/26/96), 676 So.2d 773, writ denied, 96-1938 (La.11/15/96), 682 So.2d 761; Greer v. Dresser Indus., Inc., 98-129 (La.App. 3 Cir. 7/1/98), 715 So.2d 1235, writ denied, 98-2094 (La.11/6/98), 728 So.2d 867. Such determinations are only possible by the trier of fact who has the opportunity to hear all the evidence and to observe the witnesses on direct and cross-examination.
In the depositions in the record, Mr. Dupart admitted he performed a makeover in the rear of the home. Consistent with this testimony, Ms. Moore describes the rooms as they appeared on her first visit to the home as follows:
When I walked in the home as a purchaser, we didn’t come through the front door. We came though this side door, which is the door that I use now....
And we walked through the door portion of this shed. The back part of it is considered the shed. I looked at it and the moment I walked in, the ground floor was painted a gray paint, all the walls were textured, and new light fixtures and stuff. I could see the hookups for the washer/dryer-not the dryer. I saw an electrical plug to put the washer in. The new closet for the hot water heater.
To the left was double bi-fold doors, all completely textured walls in this Til’ area and it had a plywood floor. And the agent told me this is-we hadn’t even gone into the additional part of the house. We was just in that bottom part, it was just in that bottom part. This was, like, our entrance. And it was ‘you can use this for whatever you want.’ You could see this part was for the washer and you can see this area on the side was fixed, but not-the floor was new, you know, a new plywood floor and do whatever you want with it. So that’s when I told them, well, I’ll just use it for my sewing room.
... So it was my first impression of the house, as a part of the house. You know, it really was a part of the house. *213 There was no break in the house from one section to the other.
_k- • • •
It didn’t look like a shed. When you got in there, it was like walking into a-I forgot what I was walking into. Am I saying that right? I walked into that rear portion and I assumed I was literally in this new addition ’cause it seemed like a total-it was new, except for the concrete that had cracks in it where the washing machine was. But that was freshly grey painted, shining and the other portion was lifted, like, a little lift to it because it had boards under it and plywood under it and you couldn’t see where it was an addition because it was all finished, totally finished. Like, an edging, the double little doors, sheet-rock all the way to the ground, molding all around.
A reading of Ms. Moore’s testimony coupled with that of the engineer’s report could lead one to conclude that Mr. Du-part’s actions were not so much those of renovation, but rather more those of a cover-up job. At the very least it is indisputable that this is a genuine issue of material fact that is best determined only by a trier of fact who has the opportunity to hear all the evidence and to observe the witnesses on direct and cross-examination. Belgard v. American Freightways, Inc., 99-1067, p. 5 (La.App. 3 Cir. 12/29/99), 755 So.2d 982, 986, writ denied, 00-293 (La.3/31/00); 756 So.2d 1147.
A reading of the record reveals the existence of genuine issues of material fact. Moreover, Defendants submission of a waiver form without an act of sale never sufficed to shift the burden of proof to the Plaintiff on the Motion for Summary Judgment.
For the foregoing reasons, we reverse the granting of the summary judgment, and remand to the trial court for further proceedings.
REVERSED AND REMANDED.

. The Plaintiff's brief cites a price of $30,750.00.

.It seems that the waiver attached to Defendants' Motion for Summary Judgment accompanied the Agreement to Sell. It was not a part of the Act of Sale. The waiver states that it "will be made part of the act of sale.” Thus we find it was critically important for the Act of Sale to have been submitted with the motion.

. We refer to movants who will not bear the burden of proof at trial.

. This factor clearly distinguishes this case from Alexander v. Henderson Condominium Assoc., Inc., 99-2906 (La.App. 4 Cir. 12/27/00), 778 So.2d 627.

. See Ms. Moore’s petition paragraph 15.