# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-0614


ALFRED PALMA, INC.

VERSUS

CRANE SERVICES, INC., ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2002-166
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Ned E. Doucet Jr., Chief Judge, and Oswald A. Decuir and Marc T. Amy, Judges.

**REVERSED AND REMANDED.**

**Eric L. Pittman**
**Pittman & Associates**
**1930 Florida Avenue, S.W.**
**Denham Springs, LA 70726-4911**
**(225) 664-9500**
**Counsel for Defendant/Appellee:**
    **JAH Enterprises, Inc.**

**Gary J. Gambel**
**Ronald J. White**
**Robert E. Guidry**
**Murphy, Rogers & Sloss**
**One Shell Square**
**701 Poydras St., Ste 400**
**New Orleans, LA 70139**
**(504) 523-0400**
**Counsel for Defendant/Appellant:**
    **Crane Services, Inc.**
    **Reynold LeBlanc**

**V. Ed McGuire**
**Plauche', Smith & Nieset**
**P. O. Drawer 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**Counsel for Plaintiff/Appellee:**
**Alfred Palma, Inc.**

**DECUIR, Judge.**

Defendant, Crane Services, Inc., appeals summary judgment rendered in favor of plaintiff, Alfred Palma, Inc., granting rescission of the sale of a used industrial crane. Upon review, we find material issues of fact preclude summary judgment, and we reverse the decision rendered below.

On September 27, 2001, Alfred Palma, Inc., through its representative, John Palma, purchased a Grove crane at a public auction. The seller of the crane was Crane Services, Inc. The purchase price was $248,400.00, and the sale included a waiver of warranty. The auction house, JAH Enterprises, Inc., d/b/a Henderson Auctions, informed all participants prior to the auction that all items were to be sold "as is/ where is" and without warranties of any kind. This waiver of warranty was included in the pre-bid application and in the bill of sale for the crane in question. However, any potential purchasers were given the opportunity to view and professionally inspect the items before the auction.

Specifically with regard to the litigants herein, John Palma testified via affidavit that he discussed the crane with Reynold LeBlanc, of Crane Services, prior to the auction. He was informed that the crane had been damaged in a rollover accident, but that LeBlanc had repaired the crane and replaced certain parts. LeBlanc represented that the repairs had been inspected and certified by Dixon Equipment Services, whose sticker evidencing the annual inspection of September 21, 2001 was affixed to the crane. Upon purchasing the crane, Palma put it into operation in his construction business, and it functioned properly. Palma testified that he later sought more information on the crane from the manufacturer. He was told that certain sections of the boom contained damaged parts that needed to be repaired or replaced. Palma then had the crane inspected. Crane Services subsequently refused Palma's demand to make the delineated repairs that Palma thought were necessary for certification under

OSHA standards; Crane Services asserted that the repairs previously made were adequate and complete.

Consequently, Palma filed this redhibition suit against Crane Services and others, seeking to rescind the sale of the crane. After initial discovery, Palma and Crane Services filed opposing motions for summary judgment. Palma contends the crane is defective because it cannot be certified under OSHA standards as long as it contains damaged parts that have been condemned by the manufacturer. Because Palma believes the crane does not comply with OSHA regulations for cranes in use at a construction site, Palma has taken the crane out of service. Palma also asserts that the inspection sticker affixed to the crane at the time of the auction was bogus, and was placed there to induce potential purchasers into believing the crane was OSHA certified. By contrast, Crane Services' motion for summary judgment asserts the protections of the written warranty and redhibition waivers in the bill of sale and pre-bid application.

In oral reasons for judgment, the trial court rejected Crane Services' motion, finding the Dixon certification sticker represented that the crane could be operated "for its intended purpose," which representation the court found was legally more compelling than the waiver of warranty. The court determined the certification vitiated the general waiver of warranty because it "carried more intent as to [the crane's] purpose with Mr. Palma than [did] the waiver."

In granting Palma's motion for summary judgment, the trial court found the crane had a redhibitory defect and rescinded the sale. Specifically, the court determined that Palma relied on the Dixon certification in purchasing the crane and that the certification was a misrepresentation that could be imputed to Crane Services.[1]

---

[1]Presumably, the trial court took note of the fact that the Dixon inspector, Reynold LeBlanc II, was the son of the owner of Crane Services.

The court also concluded the crane had significant problems which render it unsafe and not fit for its intended purpose, even though he made a factual finding that the crane is "in good shape and appears to be operational."

In this appeal, Crane Services contests both the denial of its motion for summary judgment and the granting of Palma's similarly styled motion. We will not consider the denial of Crane Services' motion because of the provisions of article 968 of the Code of Civil Procedure, which bar review of a court's refusal to render summary judgment. *Granger v. Guillory,* 00-363 (La.App. 3 Cir. 4/26/00), 762 So.2d 640.

Rather, we will address the propriety of the trial court's granting Palma's motion for summary judgment. In the factually similar case of *Shelton v. Standard/700 Associates,* 01-587, p. 5 (La. 10/16/01), 798 So.2d 60, 64-65 the supreme court reiterated the rules of summary judgment review:

> Appellate courts review summary judgments *de novo. Doerr v. Mobil Oil Corp.,* 2000-0947 (La.12/19/00), 774 So.2d 119, 136. It is well established that a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).

Interestingly, the *Shelton* case also involved a sale which included a waiver of warranty against redhibitory defects. The waiver was clearly articulated in the bill of sale and was made known to the buyer. The supreme court limited its review of the summary judgment granted in favor of the seller to a determination of whether the buyer could show fraud in the inducement of the contract; for without that showing, the waiver of warranty provisions would be enforceable against the buyer:

> While an exclusion or limitation of the warranty against redhibitory defects is usually effective, LSA-C.C. art. 2548 further provides that "[a] buyer is not bound by an otherwise effective exclusion or limitation of the warranty when the seller has declared that the thing has a quality that he knew it did not have." Under this article, an otherwise effective

3

exclusion or limitation of the warranty against redhibitory defects is not effective if the seller commits fraud, as defined in the civil code, upon the buyer. Thus, although the warranty against redhibitory defects may be excluded or limited, a seller cannot contract against his own fraud and relieve himself of liability to fraudulently induced buyers. *See Roby Motors Co. v. Price,* 173 So. 793, 796 (La.App. 2nd Cir.1937). Indeed, such a contract would be contra bonos mores and unenforceable.

A contract is formed by the consent of the parties. LSA-C.C. art. 1927. However, consent may be vitiated by error, fraud, or duress. LSA-C.C. art. 1948. "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." LSA-C.C. art. 1953. "Error induced by fraud need not concern the cause of the obligation to vitiate consent, but it must concern a circumstance that has substantially influenced that consent." LSA-C.C. art. 1955.

Nevertheless, fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill. However, this exception does not apply when a relation of confidence has reasonably induced a party to rely on the other's assertions or representations. LSA-C.C. art. 1954.

In pleading fraud, the circumstances constituting fraud must be alleged with particularity. LSA-C.C.P. art. 856. However, fraud need only be proven by a preponderance of the evidence and may be established by circumstantial evidence. LSA-C.C. art. 1957.

In sum, there are three basic elements to an action for fraud against a party to a contract: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract.

*Id.,* p. 4-5, 798 So.2d at 64.

In the summary judgment rendered in the instant case, the trial court necessarily reached certain conclusions of law and material fact. First, the trial court concluded that Palma had adequately pled fraud against Crane Services, and then made the factual finding that fraud had been proven to the extent that no genuine issue of fact remained on that question. Second, the trial court determined that failure to comply with OSHA standards constitutes a redhibitory defect, and then made the finding that the instant crane did not meet those standards at the time of its sale to Palma. In

reaching these conclusions, the trial court relied on affidavit testimony from the parties and from crane repairmen and inspectors who may be qualified as experts at a trial on the merits.

The evidence presented to the trial court was conflicting. Palma's evidence bolstered its assertion that the crane had too many deficiencies to be certified and, therefore, cannot be used. Palma offered various OSHA regulations and interpretation letters, its own professional inspection report wherein the inspector stated he could not certify the crane, a allegedly altered inspection record from Crane Services, and an affidavit from John Palma. Crane Services' evidence supported its position that the company knew of no additional repairs required by the manufacturer for the safety of the crane, and it had no intent to defraud Palma in this transaction. It submitted affidavits from its owner, Reynold LeBlanc, LeBlanc's son who inspected the crane on behalf of Dixon, the owner of the auction house, and the owner of Dixon. They testified that repairs to a crane do not have to be approved by the manufacturer, that Palma was given the opportunity to inspect the crane prior to purchase, that Palma purchased the crane without any warranties, and that the crane could be certified in its present condition.

In *Moore v. Dupart,* 00-1272, p. 7 (La.App. 4 Cir. 4/11/01), 785 So.2d 207, 212, *writ denied,* 01-1388 (La. 6/22/01), 794 So.2d 796, the court cited a long line of cases holding "that issues pertaining to subjective facts such as intent, knowledge, motive, malice, or good faith are usually not appropriate to a summary judgment determination." *See Murphy's Lease & Welding Service, Inc. v. Bayou Concessions Salvage, Inc.,* 00-978 (La.App. 3 Cir. 3/8/01), 780 So.2d 1284; *Belgard v. American Freightways, Inc.,* 99-1067 (La.App. 3 Cir. 12/29/99), 755 So.2d 982, *writ denied,* 00-293 (La. 3/31/00), 756 So.2d 1147; *Nelson v. Torian,* 96-176 (La.App. 3 Cir. 6/26/96), 676 So.2d 773, *writ denied,* 96-1938 (La. 11/15/96), 682 So.2d 761; *Greer*

*v. Dresser Indus., Inc.,* 98-129 (La.App. 3 Cir. 7/1/98), 715 So.2d 1235, *writ denied,* 98-2094 (La. 11/6/98), 728 So.2d 867. The *Moore* court explained, "Such determinations are only possible by the trier of fact who has the opportunity to hear all the evidence and to observe the witnesses on direct and cross-examination." 785 So.2d at 212.

As in the case of *Federated Rural Elec. v. Gulf South Cable,* 02-852 (La. App. 3 Cir. 12/11/02), 833 So.2d 544, we must conclude that the trial court could not have properly rendered its summary judgment ruling without making improper factual findings. The trial court made credibility determinations on the issues of fraud and the alleged defective condition of the crane simply by reviewing affidavits. No witnesses testified, and there was no opportunity for cross-examination. This controversy involves disputed material facts, which should be resolved by the fact finder after trial on the merits. Our conclusion pretermits discussion of the trial court's legal analysis of the sufficiency of Palma's fraud allegations and its finding that failure to comply with unspecified OSHA regulations constitutes a redhibitory defect.

Accordingly, for the above and foregoing reasons, the summary judgment of the trial court rendered in favor of Alfred Palma, Inc., is reversed, and this matter is remanded for trial on the merits. Costs of this appeal are assessed to Alfred Palma, Inc.

**REVERSED AND REMANDED.**