# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 06-1477


**KIRK RICHARD SPELL**

**VERSUS**

**MALLETT, INC., ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 82628 F
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

**AFFIRMED.**


**Daniel M. Landry, III**
**Attorney at Law**
**P. O. Box 3784**
**Lafayette, LA 70502**
**(337) 237-7135**
**Counsel for Plaintiff/Appellant:**
**Kirk Richard Spell**

**Brad George Theard**
**Attorney at Law**
**131 Airline Drive, Suite 201**
**Metairie, LA 70001**
**(504) 834-7676**
**Counsel for Secondary Intervenor/Appellant:**
**Employers Self-Insurers Fund**

**John Lee Van Norman, III**
**Attorney at Law**
**P. O. Box 1746**
**Lake Charles, LA 70602**
**(337) 436-5787**
**Counsel for Defendant/Appellee:**
**Mallett, Inc.**

**Mary McCrory Hamilton**
**Voorhies & Labbe**
**P. O. Box 3527**
**Lafayette, LA 70502**
**(337) 232-9700**
**Counsel for Defendant/Appellee:**
**Atlantic Casualty Ins. Co.**
**Mallett Buildings**
**Mallett, Inc.**

**Keith Carlson**
**In Proper Person**
**416 Guillot Road**
**Dequincy, LA 70633**

**Kyle Carlson**
**In Proper Person**
**5339 Hwy 12**
**Ragley, LA 70657**

**SAUNDERS, Judge.**

This is a personal injury action where a construction worker was injured when he fell from a ladder while in the course and scope of his employment as a carpenter. The plaintiff filed a petition for damages and supplemented that petition twice. At the end of all supplementation of the petition, the plaintiff's suit was against his employer, his co-employees, and his employer's insurance company. The workers' compensation carrier of the employer intervened in the suit and alleged that it was entitled to reimbursement from employer's insurance company for benefits it had paid to the plaintiff.

Employer's insurance company filed a Motion for Summary Judgment alleging there was no genuine issue of material fact that would allow the plaintiff to recover under their policy of insurance issued to employer and it was entitled to a judgment as a matter of law dismissing it from the case. The trial court granted this motion.

The plaintiff filed this appeal alleging that the trial court committed an error of law in granting the Motion for Summary Judgment that released employer's insurance company from the case. Intervenor joined the plaintiff's appeal. We affirm the trial court's judgment granting the motion and assess all costs of this appeal to the plaintiff and intervenor.

**FACTS AND PROCEDURAL HISTORY:**

On November 6, 2004, the plaintiff-appellant, Kirk Richard Spell (hereinafter "Spell"), was employed by Mallett, Inc. d/b/a Mallett Buildings (hereinafter "Mallett"). Spell was on location in Abbeville, Louisiana, constructing a pole barn when he fell from a ladder while attempting to remove inadequately supported trusses.

Initially the work performed by Spell on the pole barn was in connection with a business relationship with Keith Carlson (hereinafter "Keith"). The exact nature of the business relationship between Spell and Keith was not clear; however, Spell did perform carpentry work as the framing foreman on the pole barn for a few days.

After not working on the barn for two days, Spell came back to work on the barn and was doing so when Chester Lee Mallett (hereinafter "Chester"), representing Mallett, arrived on the scene of the job. Chester went to the job because his inspector had been there during the week and told him there was a problem with the construction. The problem was that the barn had inadequately supported trusses.

At that point, Chester "took over" and ordered that the trusses be taken down. Chester gave Keith and his men, including Spell, the option coming to work for Mallett because Keith was not in charge anymore. All of the men, including Spell, said that they would stay to work for Mallett and take down the trusses.

While Spell was working for Mallett, through his hiring by Chester, the ladder he was working on began to move and he fell to the ground. Spell suffered a broken back which required extensive surgery and placement of surgical hardware in his back.

As a result of the injuries Spell sustained, he initially filed a Petition for Damages against Mallett. In his first supplementation of that petition, Spell added Mallett's Commercial General Liability Carrier, Atlantic Casualty Insurance Company (hereinafter "Atlantic"). Additionally, pursuant to a second supplementation of the petition, Spell added Keith and Kyle Carlson (collectively hereinafter "Carlson Brothers") alleging that they were subcontractors of Mallett and that Spell's accident was due to the improper installation of trusses installed by Carlson Brothers. In that second supplementation, Spell also alleged that Atlantic

2

provided coverage to the Carlson Brothers in connection with the claims asserted against them.

Employers Self-Insured Fund (hereinafter "ESF"), the workers' compensation carrier for Mallett, filed an intervention. In its petition for intervention ESF sought to recover the workers' compensation benefits it had paid to Spell and for any future compensation benefits owed to Spell.

Atlantic filed a Motion for Summary Judgment alleging there was no genuine issue of material fact that precluded a finding that Spell, as an employee of Mallett, was excluded from coverage under its policy and, as such, Atlantic was entitled to a judgment as a matter of law dismissing it from the case. The trial court granted Atlantic's motion.

Spell filed a devolutive appeal, but did not include any specific assignments of error in its brief. ESF joined Spell's appeal and filed a brief alleging one assignment of error, contending that the trial court erroneously granted Atlantic's motion. We affirm the trial court's judgment. Costs of this appeal are assessed to Spell and ESF.

**ASSIGNMENT OF ERROR:**

1.  Did the trial court err in granting a Motion for Summary Judgment in favor of Atlantic, thereby dismissing it from this litigation?

**ASSIGNMENT OF ERROR #1:**

ESF contends that the trial court erred in dismissing Atlantic from this litigation by granting its motion for summary judgment. This contention lacks merit.

We note that Spell's brief contained no assignment of error and merely contained argument that there were genuine issues of material fact as to the status of all parties as well as genuine issues of material fact as to the interpretation of the Atlantic policy. Because ESF's brief did properly contain an assignment of error and

its assignment raised nearly the identical issue as the argument put forth by Spell in his brief, we will not directly address Spell's contentions.

Appellate courts conduct a de novo review of rulings on motions for summary judgment.

> It is well established that a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. *Palma, Inc., v. Crane Servs. Inc.*, 03-614 (La.App. 3 Cir. 11/5/03), 858 So.2d 772, 774 quoting *Shelton v. Standard 700/Associates*, 01-587, p.5 (La. 10/16/01), 798 So.2d 60, 64-65; La.Code Civ.P. art. 966.

This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action... The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art 966(A)(2).

In 1997, the legislature enacted La.Code Civ.P. art 966(C)(2) which further clarified the burden of proof in summary judgment proceedings as follows:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense but rather point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

This amendment parallels the language of *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. 265 (1986). The amended article places the initial burden of proof on the mover of the motion for summary judgment. If the mover meets this initial burden, the burden of proof then shifts to the nonmoving party that has the burden of proof on this particular issue at trial. This nonmoving party then

4

must put forth evidence that shows he or she will be able to meet that burden at trial. If the nonmoving party cannot, then the motion for summary judgment should be granted. Marist & Lemmon, Louisiana Civil Law Treatise: Civil Procedure §6.8 (1999).

Relevant provisions in the policy at issue, including relevant classifications, definitions and the endorsement, are as follows:

> DESCRIPTION OF BUSINESS AND LOCATION OF PREMISES
> Classification
> Carpentry - construction of residential property not exceeding three stories in height.
>
> ENDORSEMENT #2
> . . .
> [T]he following classification has been added to the policy.
> Class: Contractors - subcontracted work - in connection with building construction, reconstruction, repair or erection - one or two family dwellings;. . .
>
> SECTION II - WHO IS AN INSURED
> 1.      If you are designated in the Declarations as:
>       . . .
>       d.      An organization other than a partnership, joint venture or limited liability company, you are an insured.. . .
>
> SECTION V - DEFINITIONS
> . . .
> 3.      'Bodily injury' means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> EXCLUSION OF INJURY TO EMPLOYEES
> CONTRACTORS AND EMPLOYEES OF CONTRACTORS
>
> Exclusion e. Employer's Liability of Coverage A. Bodily Injury and Property Damage Liability (Section 1 - Coverages) is replaced by the following:
> *This insurance does not apply to*:
>
>       (i)      *'bodily injury' to 'employee' of any insured arising out of or in the course of*:
>
>             (a)      Employment by any insured; or

(b) *Performing duties related to the conduct of any insured's business;*

. . .

With respect to this endorsement only, the definition of 'Employee' in the DEFINITIONS (Section V) of CG 00 01 is replaced by the following:

'**Employee**' shall include, but is not limited to, any person or persons hired, loaned, leased, contracted, or volunteering for the purpose of providing services to or on behalf of any insured, whether or not paid for such services and whether or not an independent contractor.

As used in the endorsement contractor shall include but is not limited to any independent contractor or subcontractor of any insured and any developer or general contractor.

. . .

(Italic emphasis added)

"If the words of a contract are clear, explicit, and lead to no absurd results, it must be interpreted by reference to the 'four corners' of the document and no further interpretation can occur in search of the parties' intent." *Hebert v. Ins. Center, Inc.*, 97-298 p.4 (La.App. 3 Cir. 1/7/98), 706 So.2d 1007, 1011, *writ denied* 98-353 (La. 3/27/98), 716 So.2d 888; La.Civ.Code art. 2046.

Here, Atlantic is the mover of the motion for summary judgment. Atlantic contends that it carried its initial burden by pointing out that the policy of insurance issued to Mallett contains an endorsement that precludes Spell from recovering for his injuries.

The trial court agreed with Atlantic and found that Atlantic had carried its initial burden. The trial court found that the clear, explicit language in the policy precludes Spell from recovering from Atlantic for his injuries. We agree with the trial court's findings regarding the language of the policy.

Our reading of the relevant provisions of the policy is that this insurance does not apply to Spell for his injuries. Under SECTION II - WHO IS AN INSURED,

6

Mallett is clearly an insured as it is listed in the declarations page as such. Under DESCRIPTION OF BUSINESS AND LOCATION OF PREMISES, Mallett is covered by the policy in conducting carpentry business that includes construction of residential property not exceeding three stories in height. Mallett purchased ENDORSEMENT #2 so that its business covered under the policy also includes contractor and subcontracted work in connection with building construction, reconstruction, repair or erection of one or two family dwellings.

Under SECTION V - DEFINITIONS, Spell's injuries are clearly bodily injuries. Under the EXCLUSION OF INJURY TO EMPLOYEES CONTRACTORS AND EMPLOYEES OF CONTRACTORS, Spell fits under the endorsement's expansive definition of an employee, and it is clear from the record that Spell became an employee of Mallett when Chester, on behalf of Mallett, came to the construction site and "took over."

We find that if we were to plug in the relative terms and classifications, the clear, explicit language of the policy would read that this insurance does not apply to Spell's injuries he suffered when falling from a ladder when removing inadequately supported trusses while employed by Mallett. As such, we find that Atlantic carried its initial burden of proving that there is a lack of support for an essential element of Spell's case against Atlantic.

As stated above, once Atlantic carries its initial burden, the burden of proof then switches to Spell or ESF to show that they can meet the burden of proving that they can recover from Atlantic's policy at trial. If neither Spell nor ESF can carry that burden, there are no genuine issues of material fact and Atlantic is entitled to a judgment as a matter of law dismissing it from this case. We find nothing in the record to show that either party, Spell or ESF, met this burden.

7

ESF argues that there are numerous genuine issues of material fact that precluded the trial court from ruling that Atlantic should be dismissed from the suit. ESF adopts the argument put forth by Spell in his brief to support this contention. Although Spell's brief contains no assignment of error, it does contain some argument that there are numerous issues of fact related to the parties' employment status. While there may be some issues of fact related to what status is given to each party, this is not a fact that is material to the outcome of Atlantic's motion. Regardless of what status is afforded to the parties, Spell is precluded from recovery from Atlantic due to the clear and explicit expansive definition of an employee under the policy.

Whether Mallett, Keith and/or Carlson Brothers and Spell are independent contractors, subcontractors, contractors, or co-employees is irrelevant. Under the policy, Spell is still "any person or persons hired, loaned, leased, contracted, or volunteering for the purpose of providing services to or on behalf of any insured, whether or not paid for such services and whether or not an independent contractor." As such, he is precluded from recovery under the policy for his bodily injuries.

ESF further argues against Atlantic's dismissal from the suit by asserting that the language of Atlantic's policy provides coverage either to Keith and/or Carlson Brothers as an additional insured. We find that even if Keith and/or Carlson Brothers are additional insureds under the policy, Spell is still precluded from recovering under the policy as an employee of any insured, namely Mallett. As an employee of Mallett, Spell would still be "providing services to or on behalf of *any* insured." (Emphasis added). Therefore, regardless if Keith and/or Carlson Brothers are insureds under the policy, under the clear and explicit language of the policy, Atlantic is still entitled to a judgment as a matter of law dismissing it from the suit.

8

Finally, ESF argues that the exclusionary language contained in the policy was overly broad, to such an extent that it would preclude coverage of any sort to an additional insured under the terms of the policy. This contention lacks merit.

It is clear from our reading of the policy that Mallett paid the additional premium to get protection from suits brought by third parties against Mallett for the negligence of Mallett's subcontractors or the negligence of the employees of Mallett's subcontractors. The purpose of the additional coverage purchased by Mallett was not to provide coverage to any additional insureds. To read the language of Atlantic's policy as ESF contents leads to an absurd result. If we were to read the policy as ESF contends, Mallett would pay money to Atlantic to provide an additional avenue of recovery for Mallett's employees or the employees of its subcontractors other than the workers' compensation insurance Mallett already purchases from ESF. A reading of the policy that reaches this result is unreasonable and without merit.

**CONCLUSION**:

ESF, in its sole assignment of error, contends that the trial court erroneously dismissed Atlantic from the suit based upon Atlantic's Motion for Summary Judgment. We affirm the judgment of the trial court. The costs of this appeal are assessed to Spell and ESF.

**AFFIRMED.**

9