STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-972

ROY PETERS, ET AL.

VERSUS

AMERICAN ALTERNATIVE INSURANCE CO., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 222,047
HONORABLE GEORGE CLARENCE METOYER JR, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

REVERSED AND REMANDED.

Michael Thomas Johnson
Donna M. Johnson
Johnson & Siebeneicher
P. O. Box 648
Alexandria, LA 71309
(318) 484-3911
Counsel for Defendants/Appellants:
Rapides Parish School Board
American Alternative Insurance Co.

**Thomas D. Davenport, Jr.**
**The Davenport Firm**
**1628 Metro Drive**
**Alexandria, LA 71301**
**(318) 445-9696**
**Counsel for Plaintiffs/Appellees:**
**Jasmine Williams**
**Roy Peters**
**Jamaka Williams**
**Jaterries Williams**
**Jalen Peters**

**SAUNDERS, Judge.**

This is an automobile accident case. The accident took place between a vehicle allegedly stopped at an intersection and a school bus making a left turn from the intersecting lane onto the street occupied by the first vehicle. There were no witnesses to the accident other than the driver and occupants in the first vehicle and the school bus driver. Both vehicles were moved prior to the investigating officer's arrival.

The plaintiffs were granted a Partial Summary Judgment on the issue of liability. The defendant insurance company appealed alleging, *inter alia*, that the trial court erred in stating that liability had been stipulated to by the parties and erred in granting the plaintiffs' Motion for Partial Summary Judgment because there were genuine issues of material fact in relation to liability.

We find that it is clear from the record that the parties did not stipulate to liability. We also reverse the trial court's ruling that granted the plaintiffs' Motion for Partial Summary Judgment on the issue of liability and remand the case for further proceedings not inconsistent with this opinion. All other assignments raised by the defendant insurance company are pretermitted.

**FACTS AND PROCEDURAL HISTORY:**

On November 3, 2004, Sylvester Dotson (hereinafter "Dotson"), a school bus driver employed by the Rapides Parish School Board, was in an automobile accident with a vehicle driven by Mrs. Jamaka Williams (hereinafter "Williams"). Dotson's school bus was insured by American Alternative Insurance Company (hereinafter "American Alternative"). Dotson was attempting to make a left turn from Lee Street onto Felker Street. The Williams vehicle was located at or near a stop sign on Felker Street facing the opposite direction that Dotson's bus would have been traveling, had he made a left turn.

Williams, Roy Peters, the owner of the vehicle driven by Williams, and the occupants of the Williams driven vehicle, Jatteries Williams, Jasmine Williams, and Jalen Peters (hereinafter collectively "the plaintiffs"), claimed that as Dotson was making the left turn onto Felker Street, he crossed the center of the street and impacted the plaintiffs' vehicle. Dotson and American Alternative contend that Dotson properly executed his left turn and at all times remained to the right of the center of Felker Street. At the time of the accident, Felker Street had no painted center line.

Prior to trial, plaintiffs filed a Motion for Partial Summary Judgment on the issue of liability. At the initial hearing on April 2, 2007, plaintiffs introduced as evidence American Alternative and Dotson's discovery responses. These responses included photographs and information from the adjuster who went to the scene of the accident, Stephen Evans. To counter this evidence, American Alternative submitted an affidavit signed by Dotson wherein he stated, in essence, that he did nothing to cause the accident. At that time, the trial court indicated that additional information was needed in order to fully adjudicate the motion. The trial court continued the hearing and directed the plaintiffs to take the deposition of the adjuster that took the pictures contained in American Alternative and Dotson's discovery responses.

On May 7, 2007, at the second hearing on plaintiffs' motion, the depositions of the adjuster, Evans, and the officer who investigated the accident, Officer Len Hall, were introduced as evidence by the plaintiffs. The trial court then granted the Motion for Partial Summary Judgment. American Alternative suspensively appealed this ruling.

While American Alternative's appeal was pending, a trial on the damages was

held on May 22, 2007. During oral reasons for judgment rendered on the day of trial, the court noted that liability was stipulated to by the parties. The trial resulted in a judgment awarding the plaintiffs, in addition to legal interest from the date of judgment and costs associated with the proceedings, the following amounts for general and special damages:

> Jamaka Williams, general damages of $45,000.00 and special damages of $8,902.13;
> Jatteries Williams, general damages of $8,500.00 and special damages of $1,060.00;
> Jasmine Williams, general damages of $4,500.00 and special damages of $458.00;
> Jalen Peters, general damages of $6,500.00 and special damages of $570.00; and
> Roy Peters, automobile repairs and rental $2,500.00.

American Alternative appealed, alleging that the trial court's statement regarding stipulation to damages was incorrect. It also appealed the damages awarded in the judgment reached after the damages trial. American Alternative's appeal of the Partial Summary Judgment and its appeal of the damages awarded in judgment after trial were combined into one appeal before this court. In that combined appeal, American Alternative alleges five assignments of error.

In its first assignment of error, American Alternative alleges that the trial court erred in stating that stipulation was made by the parties regarding liability. In its second assignment of error American Alternative alleges that the trial court erred in granting the Motion for Partial Summary Judgment on the issue of liability as it alleges that genuine issues of material fact exist that would make such a judgment improper.

**ASSIGNMENTS OF ERROR:**

1.	Did the trial court err in finding that the parties stipulated to liability?

2.    Did the trial court err in granting the Motion for Partial Summary Judgment on the issue of liability as genuine issues of material fact existed?

3.    Did the trial court err in continuing the Motion for Summary Judgment heard on April 2, 2007, and requesting additional evidence regarding the summary judgment?

4.    Did the trial court err in awarding excessive general damages to the plaintiffs?

5.    Did the trial court err in awarding damages to plaintiff, Roy Peters, as the damages awarded related to property damage which were predicated on the finding of liability against the defendants/ appellants?

**ASSIGNMENT OF ERROR #1:**

American Alternative contends that the trial court erred in finding that the parties stipulated to liability. We agree.

In the trial court's oral reasons for judgment rendered on the day of the damages trial on May 22, 2007, the court noted that liability was stipulated to by the parties. This statement is not supported by the record. Liability was determined by the court on summary judgment by oral ruling on May 7, 2007. A written judgment was signed by the court on May 11, 2007, and a suspensive appeal was filed by American Alternative alleging that ruling was improper. The stipulation entered into by the parties regarding liability was that Dotson was in the course and scope of his employment with the Rapides Parish School Board at the time of the accident, not that Dotson was in any way liable for the accident.

While this is likely a misstatement made by the court, we note that the record is clear that the parties did not stipulate liability in the case at bar. Moreover, the trial court had already ruled on liability in the Motion for Partial Summary Judgment filed by the plaintiffs and that ruling had been properly appealed. Therefore, at the time of the judgment on the trial regarding damages, the issue of liability for the occurrence of the accident was no longer before the trial court and was within the purview of this

4

appellate court. As such, any such misstatement regarding liability was irrelevant.

**ASSIGNMENT OF ERROR #2:**

American Alternative contends that the trial court erred in granting the plaintiffs' Motion for Partial Summary Judgment on the issue of liability as there were genuine issues of material fact that still existed. We agree.

In *Palma, Inc., v. Crane Servs. Inc.*, 03-614, p. 3 (La.App. 3 Cir. 11/5/03), 858 So.2d 772, 774 quoting *Shelton v. Standard 700/Associates*, 01-587, p.5 (La. 10/16/01), 798 So.2d 60, 64-65, this court stated the following regarding how appellate courts are to conduct a de novo review of rulings on motions for summary judgment:

> It is well established that a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.

Article 966 was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action. . . The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2).

In 1997, the legislature enacted La.Code Civ.P. art 966(C)(2) which further clarified the burden of proof in summary judgment proceedings as follows:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

"Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted." *Reynolds v. Select Properties, Ltd.*, 93-1480, p. 2 (La. 4/11/94), 634 So.2d 1180, 1183.

The Louisiana Supreme Court in *Hutchinson v. Knights of Columbus, No. 5747*, 03-1533, p. 8 (La. 2/20/04), 866 So.2d 228, 234, stated the following:

> A trial judge cannot make credibility determinations on a motion for summary judgment. A party seeking a summary judgment is entitled to a favorable judgment only if "there is no genuine issue as to a material fact" and, thus, the "mover is entitled to judgment as a matter of law." The credibility of a witness is a question of fact. *In deciding a motion for summary judgment, the court must assume that all of the affiants are credible.* The sworn affidavits of the plaintiff and her husband cannot be evaluated to determine whether they are credible at the motion for summary judgment stage.
> (Emphasis added.)(Citations omitted.)

In the case before us, American Alternative claims that there is conflicting evidence of which driver was at fault for the accident. As such, it argues that reasonable minds could differ as to what allocation of fault should be made to each driver in the accident and; therefore, summary judgment on liability should be precluded.

The plaintiffs submitted the depositions of Stephen Evans and Officer Len Hall to support their position that Sylvester Dotson was solely at fault for the accident. Stephen Evans was an adjuster for Crawford and Company who adjusted the claim submitted by the plaintiffs. Crawford and Company was the third party adjuster for American Alternative at the time of the accident. Evans took pictures of the vehicles after the accident. In those pictures, the vehicle driven by Williams seemed to be in her lane of travel, although the center line on Felker Street was not painted.

6

Moreover, the school bus driven by Dotson was depicted in those pictures as stopped in what seemed to be Williams' lane of travel. Further, while working the accident, Evans drew a diagram of the accident scene and in that diagram, the school bus was over the center line, had there been one painted, of Felker Street. While the pictures that Evans took and the diagram he drew seem to support the plaintiffs' position, in his deposition, the following exchange took place between Evans and counsel for American Alternative:

Q      The photographs that you testified from today, - -
A      Yeah.
Q      - - those were taken when you arrived upon the scene?
A      Correct.
Q      And you have no personal knowledge of where the vehicles were or had been before you arrived upon the scene?
A      No, I do not.
Q      Okay. And you have no personal knowledge of the movement of those vehicles prior to your arrival on the scene?
A      No, I have no - no information as to what happened to the vehicles prior to my arrival.

Officer Len Hall, the investigating officer of the accident, prepared a police report in conjunction with the accident and in that report the diagram of the accident indicated that the school bus driven by Dotson crossed the center line and struck the vehicle driven by Williams. Again, while Officer Hall's diagram seems to support the plaintiffs' position, in his deposition, Officer Hall indicated that both vehicles were moved prior to his arrival on the accident scene as his police report narrative stated, "Note: Unable to determine fault of drivers due to vehicles being moved and no witnesses." Further, Officer Hall did not issue any citations in the accident to either Williams or Dotson.

American Alternative submitted the affidavit of Sylvester Dotson that

7

contained, in pertinent part, the following:

7.

At all times, while making the left turn, he [Dotson] maneuvered the bus to the right of the center of Felker Street.

8.

He did not enter the oncoming lane of travel on Felker Street in executing the left turn.

9.

From his observance, Ms. Williams' vehicle, which was on Felker Street, was over the center line (which was unmarked) and into the oncoming lane of traffic.

10.

Mr. Dotson attempted to move as far to the right as possible to avoid Ms. Williams' vehicle, but Ms. Williams' vehicle struck the bus..

11.

From his own personal knowledge, information and belief, Mr. Dotson did not violate any state statutes or city ordinances in the manner in which he make his left turn.

We find that this conflicting evidence in the record clearly indicates that a genuine issue of material fact exists on the issue of liability. If we are to find Dotson credible, as we are directed in *Hutchinson*, 866 So.2d 228**,** then we cannot say that "reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law." *Reynolds*, 634 So.2d 1183. Moreover, while the depositions cited by the plaintiffs do serve them in their theory that Williams was completely free from fault, nevertheless, there are statements contained in those depositions that make the issue of liability contestable. Accordingly, we reverse the trial court's judgment granting the plaintiffs' Partial Motion for Summary Judgment on the issue of liability and remand the case for further proceedings not inconsistent with this opinion.

The remaining assignments of error raised by American Alternative are pretermitted.

**CONCLUSION:**

We find that the trial court incorrectly stated that liability had been stipulated to by the parties and also that the trial court improperly granted the plaintiffs' Partial Motion for Summary Judgment based upon liability. As such, we reverse the trial court's judgment and remand the case for further proceedings not inconsistent with this opinion. All costs associated with this appeal are to be paid by the plaintiffs.

**REVERSED AND REMANDED.**