NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-682


JCP INVESTMENTS, LLC

VERSUS

MABLE LEE THOMAS CHAMP, ET AL.

**********
APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 25,140-A
HONORABLE KATHY JOHNSON, DISTRICT JUDGE
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Russell Purvis
Smith, Taliaferro & Purvis
P.O. Box 298
Jonesville, LA 71343
(318) 339-8526
COUNSEL FOR APPELLANT:
        JCP Investments, LLC


Sedric E. Banks
1038 N. 9th Street
Monroe, LA 71201
(318) 388-1655
COUNSEL FOR APPELLEES:
        Mable Lee Thomas Champ, et al.

**Clinton A. Magoun**
**P.O. Box 397**
**1105 E.E. Wallace Blvd., Suite 900**
**Ferriday, LA 71334**
**(318) 757-7001**
**COURT APPOINTED CURATOR FOR APPELLEES**

**Clinton A. Magoun**
**P.O. Box 397**
**1105 E.E. Wallace Blvd., Suite 900**
**Ferriday, LA 71334**
**(318) 757-7001**
**COURT APPOINTED CURATOR FOR APPELLEES**

**COOKS, Judge.**

The appellant, JCP Investments, LLC (JCP), appeals the trial court's grant of summary judgment in favor of the appellees. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

JCP purchased an undivided one-half interest in a certain tract of family land owned in Catahoula Parish. JCP then filed suit against the owners of the other one-half interest, four named non-resident absentee heirs (hereafter the Thomas Heirs), to have the subject property partitioned by licitation.

On May 27, 2008, an attorney curator, Clinton A. Magoun, was appointed to represent each of the Thomas Heirs. On May 29, 2008, Mr. Magoun was served on behalf of the Thomas Heirs. However, Mr. Magoun failed to contact any of the absentee heirs and did not file any responsive pleadings on their behalf. On September 22, 2008, a preliminary default was entered against the Thomas Heirs. On November 24, 2008, a default judgment was rendered against them, ordering the Catahoula Parish Sheriff to sell the property at public sale, without appraisal. The sale was held on March 4, 2009, and JCP purchased the undivided interests of the Thomas Heirs for the sum of $21,000.00.

The Thomas Heirs refused the sale proceeds and on May 13, 2009, filed a third party action against JCP, Mr. Magoun, and the Catahoula Parish Sheriff seeking to annul the judgment ordering partition by licitation of the property and for damages suffered. The Thomas Heirs alleged Mr. Magoun, the curator, did not provide them with any notice of the suit to partition their property by selling it at public sale. They also alleged Mr. Magoun failed to object to the property being sold without benefit of appraisal and he neglected to perform other required duties. They specifically contended the failure of Mr. Magoun to perform his required duties amounted to an

-1-

ill practice and entitled them to have the Judgment of Partition annulled and the Sheriff's sale rescinded.

On June 23, 2009, the Thomas Heirs filed an amended petition alleging that counsel for JCP committed an ill practice by never informing Mr. Magoun of his intent to take a default judgment against them. They also alleged the court minutes and transcript showed no proof that the property was not susceptible to partition in kind. They maintained their request to annul the default judgment and rescind the Sheriff's sale.

On September 29, 2009, Mr. Magoun filed an answer wherein he admitted he was unable to provide the Thomas Heirs notice of the suit for partition by licitation. He maintained he had no last known addresses or forwarding information for the Thomas Heirs. Mr. Magoun stated he saw counsel for JCP several times between June and October of 2008, but received no indication of JCP's intent to pursue a default judgment against the Thomas Heirs.

On October 15, 2009, the Thomas Heirs filed a Motion for Summary Judgment alleging there were no genuine issues of material fact concerning whether they ever received notice of the partition suit or any notice of the default judgment, and thus they were entitled to a judgment annulling the default judgment. The court noted the purpose of the appointment of a curator is to represent the interests of the absentee defendant(s), and Mr. Magoun failed to adequately do so. The court concluded the Thomas Heirs were entitled to judgment as a matter of law, finding the circumstances under which the default judgment was rendered showed their legal rights were violated and the enforcement of the default judgment would be unconscionable and inequitable as set forth in *Power Marketing Direct v. Foster*, 05-2023 (La. 9/6/06), 938 So.2d 662. Accordingly, the trial court annulled the Default Judgment of

Partition and the Sheriff's sale. JCP appeals.

## ANALYSIS

The standard of review for motions for summary judgment is well established. This court, while addressing the applicable standard in *Spell v. Mallett, Inc.*, 06-1477, pp. 4-5 (La.App. 3 Cir. 5/2/07), 957 So.2d 262, 265, stated the following:

> It is well established that a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. *Palma, Inc., v. Crane Servs. Inc.*, 03-614 (La.App. 3 Cir. 11/5/03), 858 So.2d 772, 774 *quoting Shelton v. Standard 700/Associates*, 01-587, p. 5 (La.10/16/01), 798 So.2d 60, 64-65; La.Code Civ.P. art. 966.

Louisiana Code of Civil Procedure Article 966 was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . . The procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art 966(A)(2).

In 1997, the legislature enacted La.Code Civ.P. art. 966(C)(2), which further clarified the burden of proof in summary judgment proceedings. It reads as follows:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense but rather point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

The amended article places the initial burden of proof on the mover of the motion for summary judgment. If the mover meets this initial burden, the burden of proof then shifts to the nonmoving party which has the burden of proof on this particular issue at trial. This nonmoving party then must put forth evidence that

shows he or she will be able to meet that burden at trial. If the nonmoving party cannot, then the motion for summary judgment should be granted. Maraist & Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 6.8 (1999).

Louisiana Code of Civil Procedure Article 2004 provides "[a] final judgment obtained by fraud or ill practices may be annulled." In *Johnson v. Jones-Journet*, 320 So.2d 533 (La.1975), the Louisiana Supreme Court reviewed the historical development of La.Code Civ.P. art. 2004 and noted the following criteria for an action in nullity: (1) that the circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief; and (2) that the enforcement of the judgment would have been unconscionable and inequitable. Since that time, the jurisprudence has accepted those two requirements as the necessary elements in establishing a nullity action under article 2004. See *Gladstone v. American Auto. Ass'n, Inc.*, 419 So.2d 1219 (La.1982); *Belle Pass Terminal, Inc. v. Jolin, Inc.*, 01-0149 (La.10/16/01), 800 So.2d 762.

The trial court relied on *Power Marketing Direct v. Foster*, 938 So.2d 662, wherein the Louisiana Supreme Court reiterated the above two criteria for finding an ill practice occurred under La.Code Civ.P. art. 2004. Additionally, that case noted the trial court has discretion in deciding whether a judgment should be annulled due to fraud or ill practices, to which discretion a reviewing court will defer. *Id.*, at 669.

The trial court also noted an action to annul based on article 2004 is not limited to actual fraud or intentional wrongdoing. It encompasses those situations where judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right. *See Kem Search, Inc. v. Sheffield*, 434 So.2d 1067 (La.1983); *Clulee v. Louisiana Materials Co., Inc.*, 590 So.2d 780 (La.App. 5 Cir.1991), *writ denied*, 594 So.2d 1323

(La.1992).

Our review of the record confirms that Mr. Magoun, the appointed curator for the absentee heirs, made no contact with any of them, nor is there any indication of any attempt to contact any of the absentee heirs. No responsive pleadings were filed on their behalf, and no notice of either the preliminary default judgment or confirmation any such judgment was made. Mr. Magoun's answer acknowledged he was unable to provide the absentee heirs notice of the suit for partition by licitation. He also stated he saw counsel for JCP several times between June and October of 2008, but received no indication of JCP's intent to pursue a default judgment against the Thomas Heirs.

Therefore, the record supports the trial court's finding that the circumstances under which the default judgment was rendered demonstrated the absentee heirs' legal rights were violated and the enforcement of the default judgment would be unconscionable and inequitable. The motion for summary judgment was properly granted.

## DECREE

For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed against appellant, JCP Investments, LLC.

**AFFIRMED.**